### THALLHIMER *vs.* BRINCKERHOFF.

The admissions or declarations of an *agent* relative to the settlement of an account made *seventeen months* after the pretended settlement, when there is no proof of a settlement in fact, are not admissible in evidence against his *principal.*

The acts and declarations of the agent *at the time* of the transaction are binding upon the principal, but what he says at another and subsequent period are not evidence against the principal ; his declarations are received not as admissions, but as a part of the res gesta.

THIS was an action of assumpsit, tried at the New-York circuit in December, 1827, before the Hon. Ogden Edwards, one of the circuit judges.

The plaintiff claimed the one fourth of certain monies received by the defendant on the compromise of certain actions of ejectment, prosecuted by the defendant as the attorney of the plaintiff and others ; of which claim the defendant had due notice. The property sought to be recovered in the actions of ejectment is situate in the city of New-York, and formerly belonged to one Isaac Teller. The plaintiff is the son-in-law of Isaac Teller, between whom and Henry R. Teller, the heir at law of Isaac Teller, an agreement was entered into in 1807, that suits should be commenced for the recovery of the property, that the plaintiff should defray one half the expense of the prosecution of the suits, and should receive one fourth of the property to be conveyed to him by Henry R. Teller, when recovered. In 1813 Henry R. Teller, by power of attorney, authorized the defendant to compromise his claims to the property in question, and to execute deeds, &c. In 1814 a compromise was effected with the occupants, and large sums of money were received by the defendant, and deeds executed by him to the occupants. Those deeds were read in evidence, and one fourth of the consideration money specified in them claimed by the plaintiff. Upon this proof the plaintiff rested. The defendant moved for a nonsuit on various grounds, which motion was denied.

The defendant introduced a long correspondence between him and the plaintiff, and examined several witnesses.—— Amongst the proof offered by him was a deposition made by

Henry R. Teller on the 26th March, 1818, before a commissioner in chancery, which deposition was endorsed on an account current between Teller and the defendant, and annexed to the *draft* of an answer in chancery, put in by the defendant to a bill filled by A. Van Ingen, a creditor of Teller, against the defendant. The account current commences with an item of credit on the 1st March, 1816, in favor of Teller, of $6708,56, stated to be the balance of a former account. On the debit side are sundry charges, amounting to $10,178,04, and a balance struck on the 8th July, 1817, of $3469,48, *as due to the defendant.* It also appeared that the defendant had rendered an account to Teller of monies paid to and for him, from the year 1807 to the 23d February, 1816, amounting to $54,013 33, which, together with the above account current, was referred to in the draft answer. In the deposition of Teller it was stated that the answer of the defendant was in all respects just and true, and in it was contained a *recantation* of what had been theretofore said by the witness inconsistent or at variance with what he then deposed, apologizing for such declarations, and amongst other excuses, saying that they were made in utter ignorance at the time of the state of his accounts with the defendant. This evidence was objected to by the plaintiff, but received by the judge.

The plaintiff then offered to shew that Teller became an insolvent debtor, and procured his discharge as such in 1817, and that since the commencement of this suit Teller had said that he signed the affidavit of the 26th March, 1818, at the solicitation of the defendant; that he at the time told the defendant that the accounts were not true, and that he the defendant owed him Teller a large sum of money. This evidence was refused to be received. Further evidence was given by the plaintiff, and the jury, under the charge of the judge, found a verdict for the *defendant,* which was now moved to be set aside.

*S. G. Huntington,* for the plaintiff.

*H. Bleecker,* for the defendant.

NEW-YORK.
May, 1830.

Thallhimer
v.
Brinckerhoff.

NEW-YORK,
May, 1830.

Thallhimer
v.
Brinckerhoff.

*By the Court,* MARCY, J.   The decision of the court in 6 Cowen, 90, where this cause is reported on a motion for a new trial on the part of the *defendant,* (a verdict than having been found for the *plaintiff,*) disposes of most of the questions presented by the case now brought before us.   There is one question, however, arising on the present case which was not then under consideration.

It is contended that improper evidence was admitted to establish the settlement between the defendant and Henry R. Teller.   The defendant attempted to shew, and I think did show sufficiently, that Teller was the plaintiff's *agent* in relation to the business out of which the claim embraced in this suit arose.   The defence on the trial was, that the defendant had in good faith paid over the money that the plaintiff had a right to receive on the compromise of the ejectment suits, to Teller, the plaintiff's agent, and that the whole matter had been fully settled with him as such agent.

To make out this defence, the defendant was permitted to introduce an account current between him and Teller, the last entry on the debit side of which was in November, 1816. There was no evidence that this account was made out on a settlement between the parties to it, or that it ever had the sanction of Teller before the time when he made an affidavit in March, 1818, which was also received in evidence in behalf of the defendant.   In this affidavit Teller says that the allegations and matters in a certain answer put in to a bill in chancery by the defendant are true.   The answer contained the allegation of the settlement which the defendant attempted to prove, and the defendant was permitted to read in evidence a part of the answer which was explanatory of the account.   It appears to me that the judge erred in receiving this evidence.   His decision proceeded on the ground that Teller was the agent of the plaintiff, and that his acts and admissions in relation to the matters within the scope of his agency might be proved against his principal.   The agent's acts are the acts of the principal, and may be proved in the same manner as a party's own acts.   It is to be observed, however, that the specific act of a settlement of the plaintiff's claim in this case was not attempted to be proved.   As I

have before observed, there was no proof that the account current had ever been seen by Teller before the date of the affidavit.

Thallhimer
v.
Brinckerhoff.

Was the affidavit admissible evidence ? The plaintiff was an entire stranger to the chancery suit in which it was used ; he could not, therefore, be concluded or affected by the proceedings or proof in that suit. If upon any principle the affidavit could be received, it must be as the admission of an agent. The general rule on this subject is that what an agent does or says within the scope of his authority is binding upon the principal. Not only the agreement that he makes, but all his declarations affecting or qualifying such agreement, are binding on the principal ; but what an agent says at another time, or of his own authority, is not evidence against the principal. (Starkie on Ev. 4 pt. 42. 3.)

In making the settlement with the defendant, if one was ever made, Teller might be considered the agent of the plaintiff, and all that he did or said on that occasion might properly be received in evidence ; but what he said at another time, though it related to the same transaction, was not admissible testimony. It will be recollected that the affidavit was not made until near seventeen months after the last item in the account current.

In the case of *Bentham* v. *Benson*, (Gow's N. P. Rep. 45,) Ch. J. Dallas says, " it is not true that where an agency is established the declarations of an agent are admitted in evidence merely because they are his declarations : they are only evidence when they form a part of the contract entered into by the agent on the behalf of his principal : and in that single case they become admissible." To this effect is the law laid down in the case of *Fairlie* v, *Hastings*, (10 Vesey, 123.) Where a party is bound by the act of his agent and the declarations of the agent qualify or affect that act, these declarations may be proved against the principal ; but they are not proved as admissions or declarations merely, but as a part of the *res gesta*, The act and the words together make the whole thing to be proved. The fact to be established in this case was the settlement by the agent of the plaintiff with the defendant, or the payment to the agent

NEW-YORK, all the monies received on account of the plaintiff. What
May, 1830. was done and said at the settlement, or when the monies
Cuyler. were actually paid over, might well be proved ; but not Tel-
v. ler's representation of it, even if it had been made in an hour
Nellis. after the business was closed. The length of time between
the adjustment of the accounts and the making of the affidavit
seems to me to take away all plausibility for admitting it as
proper evidence in this cause.

The defendant's answer to a bill in chancery in a suit to
which the plaintiff was not a party could not have been ad-
mitted on any other principle than that it was referred to and
its accuracy established by Teller's affidavit. The affidavit
being decided to be improper evidence, the answer which
was admitted on the strength of it must be rejected as im-
proper also. I am therefore of opinion the judge erred in
overruling the objection to the affidavit and the defendant's
answer in the chancery suit.

The plaintiff in the course of the trial offered to prove the
discharge of Teller under the act to abolish imprisonment.
This evidence was objected to and overruled. This decision
of the judge is made one of the grounds on which the plaintiff
rests his motion for a new trial. The object of this proof
was not explained when offered ; nor is its relevancy now
perceived ; I cannot therefore say that the judge erred in
excluding it. The opinion of *Sutherland*, J., delivered on the
former motion for a new trial, appears to me to dispose of all
the other questions in the case. (6 Cowen, 90.)

Motion for a new trial granted.