## HUBBARD *vs.* ELMER.

An *agent* authorized to bargain and sell lands, has no right under such power
  to grant a *license* to the purchaser, previous to a conveyance, to enter and
  cut timber, although such license be given with a *bona fide* intent to effect
  the sale of the lands.
The admissions of an *agent* made *subsequent* to the time of the entering into
  a contract in reference to the subject matter of the contract, are inadmis-
  sible in evidence.

THIS was an action of tresspass, *quare clausum fregit*, tried
at the Allegany circuit in May, 1830, before the Hon. ADDI-
SON GARDINER, one of the circuit judges.

The plaintiff proved the cutting and carrying away of a
quantity of pine saw logs by the defendant in 1826 from the
*locus in quo*.   The defendant proved that on the 5th May,
1825, one Foote, as the attorney of the plaintiff, entered into a
contract with one Jackson, to sell and convey to Jackson 100
acres of land, part of the lot on which the timber was cut, for
the consideration of $800, of which sum $80 was to be paid
down, and the residue at deferred periods, and on payment of
the whole consideration, a deed was to be executed.   Foote
accepted the note of the *defendant* for $80, in satisfaction of
the first payment.   Foote was authorized to *bargain* and *sell*
subject to the confirmation of the plaintiff, the *locus in quo*

and other lands belonging to the plaintiff. Foote knew that Jackson cut timber upon the lot bargained to be sold to him, and himself bought logs and timber from Jackson. Whilst the defendant was engaged in cutting logs on the premises, Foote was heard to remark that he was afraid that the defendant would get too many logs from the lot in question; that he was to get *eighty dollars* worth for the note given him on Jackson's contract, and in the spring of 1826, he forbade the defendant cutting any more logs, saying that he had got as many as he had agreed to let him have. It was further proved, that the *plaintiff* had received payment of the note for $80, and also had been put into possession of some village lots, received by Foote of Jackson in satisfaction for the destruction of the timber on the lot. The evidence of the declarations of Foote, as to his *license* to the defendant to cut timber, was objected to by the plaintiff, but received by the judge, who charged the jury that the contract to sell did not authorise Jackson to enter into possession and cut timber, but if Foote at the time of the contract agreed with the defendant that he might take trees or timber from the lot to the value of $80, for which amount the defendant had given his note, to induce Jackson to purchase, or with a *bona fide* intent to effect the sale of the lot, his so agreeing was within the authority conferred by the power of attorney, and the defendant was justified in taking timber to that amount; or if they should believe that the plaintiff had subsequently recognised the acts of his agent in the sale or disposition of the timber in question, with a full knowledge of all the facts, the action could not be sustained, and they must find for the defendant. The plaintiff excepted to the charge, and the jury found a verdict for the defendant, which the plaintiff now moved to set aside.

*S. Beardsley*, for the plaintiff.

*J. A. Spencer*, for the defendant.

*By the Court*, NELSON, J. It has been repeatedly decided in this court, that a contract to sell and convey land upon certain conditions therein contained, does not of itself confer a

license to enter, much less to enter and commit waste, by destroying the timber, 9 Johns. R. 35, 331 ; 7 Cowen, 229 ; and if so, it obviously follows, that an agent or attorney, who only has power to " bargain and sell," (subject to confirmation,) has no authority to license any one to enter and commit waste, or cut timber. The defendant, therefore, cannot justify himself under the agent. . The agent in this case had no power to sell the timber distinct from the land to the defendant, or any one else, much less to permit the defendant to indemnify himself out of the timber, for securing the first payment on the contract with Jackson.

From the charge of the judge, it seems he supposed, that if *the permission to the defendant to indemnify himself out of the timber on the lot,* for his responsibility assumed in behalf of Jackson, the purchaser, was given for the purpose and with the intent to make sale of the land, that it came within the scope of his power and justified the trespass. I cannot assent to this proposition ; it would be placing the extent of the power of the agent upon the intent with which he endeavors to execute it, an uncertain and unsafe criterion, whereas it must always depend upon a construction of the instrument itself ; upon the intent of the principal, to be ascertained from an examination of the instrument.

The judge also erred in admitting the subsequent admissions of the agent, that he had given the defendant liberty to cut and carry away the timber. If the agent possessed the power to give such license, evidence of his *declarations* subsequent to the time of the making of the contract, was inadmissible. 1 Phil. Ev. 76.

There is no pretence that the plaintiff ever ratified or assented to the license given by the agent.

New trial granted, costs to abide the event.