Brady, J.
This action was brought to recover compensation for professional services rendered to the defendants and disbursements made in connection with them. The defendants interposed a general denial, and set forth as a defence, hr addition, that the defendant Kneeland alone employed the plaintiffs and for an agreed sum.
The first proposition urged on behalf of the appellants is that the verdict is without evidence, or at least greatly against the weight of evidence as to the defendant Berry.
It is not deemed necessary to go through the testimony in detail to show that the proposition suggested cannot be maintained. It is enough to say that a careful examination of the evidence is convincing that it is superabundant as to Kneeland and sufficient, though not so strong, against Berry.
The employment was a question of fact which was properly submitted to the jury to be determined by the evidence pro. and con., and was by them decided adversely to the efendants. We should not be justified from a consideration of the evidence in disturbing the verdict rendered.
The appellants also suggest that the verdict is excessive, and should be set aside for that reason. The response to this suggestion is that the subject was left to the determin *136 ation of the jury upon the evidence, and according to the evidence the verdict is not excessive.
The appellants’ counsol, apparently relying upon their ability to secure a verdict for a sum compatible with their views of the value of the services, omitted to give any testimony upon that subject according to the record, stating that they would leave the question upon the plaintiffs’ own evidence and such comments as should be made, to the jury, a statement which induced the plaintiffs to rest and to offer no further the
It is also said that the plaintiffs’ bill is unjust; that no such rate of charges, as the court well knows, prevails at the bar.
The court knows nothing of the charges that prevail at the bar, except as established by evidence. And even if the court did entertain the impression that the charges were unduly large, it would be unlawful for the court to interpose its personal opinions against the evidence of competent persons establishing the value of the services, because an opinion is not evidence. Indeed, a consideration of the whole case suggests but one serious phase, and that arises from the admission of improper evidence as to the value of the plaintiffs’ services, which the learned justice conceded to have been done, and which he of his own motion directed to be stricken out.
In a series of cases it has been held, and indeed the authorities may be said to be uniform on the subject, that the admission of improper evidence must result in a reversal of the judgment appealed from if it may have affected the verdict, although the court after its admission directs the jury to disregard it. Erben v. Lorillard, 19 N. Y., 299; Newman v. Goddard, 3 Hun, 70; Tabor v. Van Tassel, 86 N. Y., 642; Green v. Hudson R. R. Co., 32 Barb., 25, 34; Worrall v. Parmelee, 1 Comst., 521; Osgood v. Manhattan Co., 3 Cowen, 621.
It is thought, notwithstanding the rule stated and the necessity of its application in some cases, that it is not controlling here, for the reason that the plaintiffs, on the statement of the defendants’ counsel that they intended to - call no witnesses on the subject of value, were induced not to, and did not, furnish any further evidence on that subject, and for .the additional reason that the statement of their determination to call no witnesses on the subject of value, was coupled with the further statement that they intended to leave the question to the jury upon the plaintiff’s own evidence, with such comments as their counsel should make to them.
It cannot under such circumstances be said that the evidence improperly admitted, and which the judge struck „ *137 out, affected the verdict. If there had been any contest whatever about the value, a different conclusion might sug- , gest itself. But here there was really no controversy, the defendants apparently relying upon the weakness or infirmity of the evidence on behalf of the plaintiffs.
For these reasons, as we find no exception requiring a different result, the judgment should be affirmed.
Daniels, J., concurs.