(9 Misc. Rep. 180.)

MT. MORRIS ELECTRIC–LIGHT CO. v. UNITED STATES HORSE & CATTLE SHOW SOC.

(Common Pleas of New York City and County, General Term. June 27, 1894.)

1. RULES OF EVIDENCE—ARE BINDING ON COURTS.
    The rules of evidence are rules of law, of imperative obligation upon courts; and they may not be disregarded, but at the risk of a reversal of the judgment that proceeds in disregard of them.

2. APPEAL—PRESUMPTION OF PREJUDICE—RULINGS ON EVIDENCE.
    The presumption is of prejudice from error in the admission of incompetent evidence, and such error is fatal to the judgment, unless the absence of prejudice be conclusively apparent.

3. SAME—ADMITTING IMMATERIAL EVIDENCE.
    The admission of immaterial evidence against due objection will be fatal to a judgment, if, in any aspect, the evidence might have been of effect upon the determination of any jury.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Mt. Morris Electric-Light Company against United States Horse & Cattle Show Society. From a judgment of the city court (27 N. Y. Supp. 419) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Jay & Candler and Samuel Hoff, for appellant.
Forster, Hotaling, and Klenke, for respondent.

PRYOR, J. The action is in contract, for the value of work, labor, and material in lighting up defendant's premises for a horse show. On the trial the sole question in controversy was whether the plaintiff guarantied the sufficiency of the light. That it was insufficient is a formal concession of record. The amount of the

recovery was not disputed; but whether there could be any recovery depended upon the issue as to the guaranty of the light, and upon that the evidence was conflicting, and the struggle strenuous.

Against objection, and under exception, the court received proof of an insolvent proceeding against the defendant corporation in the chancery court of New Jersey, and of an ex parte verification by plaintiff of the amount of its claim against the defendant. That the insolvency of the defendant was entirely irrelevant to any issue on trial, and that plaintiff's mere assertion of its claim in no degree tended to establish its validity, are perfectly plain propositions. As admissions of an agent, the statements in the papers could not affect the defendant. Luby v. Railroad Co., 17 N. Y. 131, 133; Thallhimer v. Brinckerhoff, 4 Wend. 394; Hubbard v. Elmer, 7 Wend. 446; Pringle v. Leverich, 97 N. Y. 181. Indeed, the incompetency of the evidence was virtually conceded by the court below, and is not now plausibly disputed. It is argued, however, that because the evidence was immaterial the error in its admission was without prejudice to the appellant. But who knows its effect on the jury? By contending for its admission, plaintiff's counsel asserted its importance to the interests of his client. By resisting its admission, defendant's counsel conceded its damaging effect on the cause of his client. By receiving the evidence, the court gave assurance to the jury that it was fit for their consideration, and should be an operative influence in the determination of their verdict. Who can say that this illegal evidence was not a potent factor in the deliberation and decision of the jury? In its nature, the evidence was well calculated to prejudice the defendant's cause. The institution in another state of an insolvency proceeding against the defendant by its own president doubtless conveyed to the jury the impression of an attempt to elude payment of its debts to the citizens of New York. To laymen, the proceeding wore the aspect of a fraudulent scheme to defeat the plaintiff in its endeavor to collect its honest claim. To laymen, the sworn authentication of plaintiff's claim, though ex parte, might well be mistaken as conclusive proof of its validity. So far from disregarding the error in the admission of the evidence, as harmless, the inference is that it clouded the defendant's case with odium and suspicion, and induced the jury to reject the pretense of a guaranty as another dishonest effort to escape payment of its debts. Tabor v. Van Tassell, 86 N. Y. 642, 643. "Upon a closely-contested question of fact, slight influences may turn the scale; and every rule of propriety and of justice demands that nothing outside of the legitimate facts should be introduced to affect the minds of those who are to decide the question." O'Hagan v. Dillon, 76 N. Y. 170, 172. The rules of evidence are rules of law propounded for the guidance of courts and juries in the trial of causes. They are of imperative obligation, and are not to be put aside, in the discretion of the court, from solicitude for the supposed interests of justice. The only justice known to courts is such justice as is ascertained and certified by legal evidence. Once suffer courts to break away from the rules recognized for ages as indispensable guides in forensic investigations, and the administra-

tion of justice, instead of proceeding upon a certain and uniform system, will be determined by no more steady and consistent principle than the diverse opinions and capricious humors of individual judges. "It is the rule, alike of reason and of law, that litigants may present to the court all relevant and competent evidence, and that incompetent and irrelevant evidence shall be excluded, so that the case shall be heard and decided upon competent and legal proof." In re Smith, 95 N. Y. 516, 527. The effect of the admission of immaterial evidence on the validity of a judgment varies in different jurisdictions. Winkley v. Foye, 66 Am. Dec. 715, 717, note. But in this state the rule is inveterate that "where improper testimony has been admitted in evidence, unless the court can see that the jury were not influenced by it, and that it could not by any possibility have affected the verdict, a new trial will be ordered." Waring v. Telegraph Co., 4 Daly, 233; Allen v. James, 7 Daly, 13, 15; Baird v. Gillett, 47 N. Y. 186, 187; Carroll v. Deimal, 95 N. Y. 252; Wilder v. Peabody, 21 Hun, 376, 380; Underhill v. Railroad Co., 21 Barb. 489, 497; Bennett v. McGuire, 58 Barb. 625; Erben v. Lorillard, 19 N. Y. 299, 302. "The true rule, and the only rule that can be sustained upon principle, is that the intendment of law is that an error in the admission of evidence is prejudicial to the party objecting, and will be ground for reversal of the judgment, unless the intendment is clearly repelled by the record." Coleman v. People, 58 N. Y. 555, 561, 562; Indemnity Co. v. Gleason, 78 N. Y. 515, 517; Myers v. Malcolm, 6 Hill, 292.

Other errors are alleged by the appellant, but, the one discussed being fatal to the judgment, they require no consideration. Judgment reversed, and new trial ordered; costs to abide event. All concur.