(11 Misc. Rep. 430.)

### STRONG v. UNION TRANSFER & STORAGE CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. BAILMENT—PROOF OF DELIVERY BY BAILEE.
   In an action to recover the value of a trunk alleged to have been delivered to defendant for storage, M., an expressman, testified that he forwarded the trunk to defendant's warehouse. M.'s driver testified that he left the trunk at defendant's warehouse, but he did not know whether he delivered it at any particular door, or left it in the street, or whether he called the attention of any of defendant's employés to it. No receipt was given by defendant, and no contract with regard to the storage was proven. *Held* insufficient to prove a delivery for the purpose of charging defendant with the loss of the trunk.

2. SAME—HEARSAY.
   In such case, testimony by plaintiff that defendant's agent, nine months after the alleged delivery, stated that a trunk had been brought, which was doubtless plaintiff's, but that it had been delivered to another person, and that his description led plaintiff to believe that it was her trunk, was hearsay.

Appeal from Eighth district court.

Action by Lydia A. Strong against the Union Transfer & Storage Company to recover for the loss of a trunk. From a judgment in favor of plaintiff rendered by the justice without a jury defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Henry C. Andrews, for appellant.
E. C. Duvall, for respondent.

BISCHOFF, J. This action was brought to recover for the loss of a trunk alleged to have been intrusted to the custody of the defendant by the plaintiff. To prove delivery of the property to the defendant, plaintiff called one MacMichael, an expressman, who testified to its receipt by him, and that he forwarded it to the defendant's warerooms by his servant, Collins. Collins testified that he left the trunk at defendant's warehouse, but was unable to say that he had delivered it at any particular door, or had not actually left it on the street. Further, he did not recollect whether he had called the attention of any of the defendant's employés to the property.

No receipt was taken upon this alleged delivery, and no contract with regard to the storage of the trunk was proven. This evidence was certainly insufficient to prove a delivery for the purpose of charging defendant upon its failure to return the chattel at plaintiff's demand (Story, Bailm. [9th Ed.] § 297; Grosvenor v. Railroad Co., 39 N. Y. 34); but it was sought further to prove an admission upon the part of defendant's agent, Jones, that a delivery had in fact been made by introducing the testimony of the plaintiff with regard to statements made to her by Jones in the course of a conversation had between them nine months after the delivery was claimed to have taken place. This testimony was received, under objection to its competency as hearsay, and exception. The statements alleged to have been made were that "a trunk had been brought by Mac-Michael"; "no doubt the trunk was mine, but it had been given to another party"; and she further testified, "His description led me to believe that it was my trunk." Whatever value as proof of an admission by the individual making them may have been attributable to these statements, they were improperly admitted for the purpose of binding the defendant, being in no way connected with the res gestae, and the objection to the testimony as hearsay was well taken. Green v. Railroad Co., 12 Abb. Pr. (N. S.) 480; Thallhier v. Brinckerhoff, 4 Wend. 394; Anderson v. Railroad Co., 54 N. Y. 334, 340. Failing sufficient evidence of a delivery of the chattel, and for the errors noted, a new trial of the cause should result. Judgment reversed, and new trial ordered; costs to abide event.