JOSEPH NOWACK, an Infant, by BARNETT NOWACK, his Guardian ad Litem, Appellant, v. THE METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Competency of proof, that an agent of a corporation attempted to subron a witness to testify in its favor.*

Evidence that a subordinate investigator, employed by a street railroad company to interview persons who had witnessed accidents occurring on the railroad and take their statements, attempted to suborn such a witness to give perjured testimony upon the trial of an action growing out of an accident seen by him, is not admissible against the railroad company upon such trial in the absence of proof that the investigator had authority to suborn the witness or that his employment contemplated an act of that character.

O'BRIEN, J., dissented.

APPEAL by the plaintiff, Joseph Nowack, an infant, by Barnett Nowack, his guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of November, 1899, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of October, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*Harold Nathan*, for the appellant.

*Charles F. Brown*, for the respondent.

INGRAHAM, J. :

We think this case was properly submitted to the jury upon conflicting evidence and that we are not justified in disturbing the ver-

dict.   The only serious question that is presented arises upon an exception to the admission of certain evidence offered by the plaintiff.   Henry Klein was called as a witness for the plaintiff.   He testified that he was a passenger upon a car which caused the injury to the plaintiff, riding upon the front platform; that he noticed the plaintiff upon the track when he was twelve or fifteen feet in front of the horses; that the horses were then running; that he called the driver's attention to the boy (plaintiff) and told him to look out for him; that the driver told the witness to mind his own business; that he did not attempt to stop the horses until one of the horses knocked the boy down.   If this testimony was true the defendant was liable.

The witness was cross-examined and on redirect examination testified that one Kaufman, who was in court, was an adjuster in the employ of the Metropolitan Street Railway Company; that he came up to witness' house five or six times, the last time on the Saturday before the trial; and that Kaufman was present during the first trial of this action.   Kaufman was then called and testified that he was employed by the defendant as an investigator under Mr. Julian who was his superior; that the witness' duty as investigator was to see the witnesses and to take their statements; that he had been acting as investigator in this action for the defendant. Klein was then recalled and asked to state the conversation that he had with Kaufman on the preceding Saturday.   That was objected to by counsel for the defendant and the objection sustained, the plaintiff excepting.   The witness was then asked: "Did Harry Kaufman make any offer to you of money or any other thing in reference to the testimony you were to give upon the trial of this action?"   That was also objected to by counsel for the defendant, the objection sustained and the plaintiff excepted, and the plaintiff relies upon this exception to reverse this judgment.

The question is whether this evidence was admissible as against this defendant corporation.   It is undoubtedly the rule that evidence that a party to an action has attempted to suborn witnesses or produce perjured testimony, or to prevent witnesses whose testimony would be adverse from attending at the trial is competent evidence as declarations or admissions of a party to the record.   The reception of this testimony is an exception to the general rule that collateral facts are not competent evidence.   The principal case upon which

this exception to the rule is founded seems to be the case of *Moriarty* v. *London, Chatham & Dover R. Co.* (L. R. [5 Q. B.] 314), and it would appear that this case has been followed both in England and in this country. In holding that such declarations were admissible, COCKBURN, Ch. J., says: "The conduct of a party to a cause may be of the highest importance in determining whether the cause of action in which he is plaintiff, or the ground of defence, if he is defendant, is honest and just; just as it is evidence against a prisoner that he has said one thing at one time and another at another, as shewing that the recourse to falsehood leads fairly to an inference of guilt. Anything from which such an inference can be drawn is cogent and important evidence with a view to the issue. So, if you can shew that a plaintiff has been suborning false testimony and has endeavoured to have recourse to perjury, it is strong evidence that he knew perfectly well his cause was an unrighteous one." The cases in which this question has arisen in this State are but few and in none of them has the question been discussed. It must be conceded, however, that it is well settled that the acts or declarations of a party to an action are competent evidence against the party whose acts or declarations are sought to proved. The defendant in this action, however, is a corporation. Its acts or declarations were not the evidence offered, but it was sought to prove the acts or declarations of a person who was in its employ from which an inference that the defense to the plaintiff's cause of action is not honest or just can be drawn. In determining whether the declaration of this employee of the defendant is competent, as against the defendant, we must apply the usual rule as to the admissibility of declarations of an agent as evidence against the principal. In considering this question it is essential that we keep clearly in mind that this act or declaration sought to be proved is admissible only as an admission of a party to the action. If it would not be competent as an admission its exclusion was proper.

Neither the act of suborning a witness, nor a declaration made by a person while engaged in the performance of that act, is competent evidence except so far as it is equivalent to an admission of a party to the action tending to show that the claim sued upon or the defense sought to be established is an unrighteous one and known to the party whose acts or declaration are sought to be proved to be

without foundation. The question must, therefore, be determined upon the competency of the declaration of this witness as evidence against the defendant. It seems quite clear that the declaration of this witness that the defendant had no defense to the action; that its agents were negligent, or that the testimony of the defendant's witnesses was untrue, would not be competent evidence against the defendant; and if this is so it would seem to follow that the acts of this witness, the defendant's agent, would not be competent evidence as a declaration of the defendant from which a jury would be justified in finding that the defendant's defense to the action was an unrighteous one. That declarations of this character made by this witness would not be competent evidence against the defendant seems to be clearly established by the authorities. Thus in *Thallhimer* v. *Brinckerhoff* (4 Wend. 394) the plaintiff claimed one-fourth of certain moneys received by the defendant upon the compromise of certain actions of ejectment. The plaintiff offered a deposition made by one Henry R. Teller, who was an agent of the defendant, and as such agent had made the agreement upon which the action was based. This affidavit was made seventeen months after the original agreement was made. It was held that this declaration of the agent was not admissible, Judge Marcy, in the opinion of the court, saying: " If upon any principle the affidavit could be received it must be as the admission of an agent. The general rule on this subject is that what an agent does or says within the scope of his authority is binding upon the principal. Not only the agreement that he makes, but all his declarations affecting or qualifying such agreement, are binding on the principal; but what an agent says at another time, or of his own authority, is not evidence against the principal. * * * The fact to be established in this case was the settlement by the agent of the plaintiff with the defendant, or the payment to the agent of all the monies received on account of the plaintiff. What was done and said at the settlement, or when the monies were actually paid over, might well be proved; but not Teller's representation of it, even if it had been made in an hour after the business was closed." In *Luby* v. *Hudson River Railroad Co.* (17 N. Y. 133) Judge Comstock, in delivering the opinion of the court, says: " The declarations of an agent or

servant do not in general bind the principal. Where his acts will bind, his statements and admissions respecting the subject-matter of those acts will also bind the principal, if made at the same time and so that they constitute a part of the *res gestæ.* To be admissible, they must be in the nature of original and not of hearsay evidence. They must constitute the fact to be proved, and must not be the mere admission of some other fact. They must be made, not only during the continuance of the agency, but in regard to a transaction depending at the very time." Judge Earl, in delivering the opinion of the Commission of Appeals in the case of *Anderson* v. *Rome, W. & O. R. R. Co.* (54 N. Y. 339), says: "The general rule is, that the declarations of persons not parties to the suit are incompetent. But sometimes the declarations of an agent, which are part of any *res gestæ* which is the subject of inquiry, are received against the principal. The principal constitutes the agent his representative in the transaction of certain business; whatever, therefore, the agent does in the lawful prosecution of that business, is the act of the principal whom he represents; and when the acts of the agent will bind the principal, his declarations respecting the subject-matter will also bind him, if made at the same time and constituting part of the *res gestæ.* They are then in the nature of original evidence and not of hearsay, and are the ultimate fact to be proven, and not an admission of some other fact."

There was no evidence that this witness was authorized by the defendant to make admissions or declarations, or to do anything to affect the plaintiff's cause of action against the defendant. He held a subordinate position, one of the duties of which was to interview witnesses of accidents and take their statements to be used on the trial. Neither his acts nor declarations were admissible in evidence as against the defendant to affect the main fact to be proved upon the trial of this action, namely, the negligence of the defendant's agent in the management of this street car which caused the injury to the plaintiff. He had nothing to do with the car which caused the injury, had no knowledge of it and was charged with no duty concerning it. There was no evidence that he had any authority to suborn testimony, or that his employment contemplated any act of this character. No declarations of his as to the conduct of the driver of this car at the time of the accident would be admissible as

binding the defendant; and if that is so I cannot see how any act of his could be admissible as a course of conduct from which an inference could be drawn that the defendant was guilty of negligence. I think, therefore, that the court properly excluded this testimony and it follows that the judgment must be affirmed, with costs.

Van Brunt, P. J., Patterson and Hatch, JJ., concurred; O'Brien, J., dissented.

O'Brien, J. (dissenting):

It is conceded that the evidence excluded was admissible, provided the acts and declarations of the inspector were binding on the defendant, and it is upon this latter point that I dissent from the conclusion reached by the majority of the court. The relation of Mr. Kaufman to the defendant corporation he himself stated to be as follows: "I am employed by the Metropolitan Street Railway Company as an investigator under Mr. Julian; he is my superior. * * * My duties as investigator are to see to the witnesses, and take statements and to interview witnesses. Q. And interview those who expect to be witnesses at a trial against the Metropolitan Street Railway Company? A. Those who expect and those who are. And I have been acting as an investigator in this case for the Metropolitan Street Railway Company."

The corporation, therefore, conferred upon Mr. Kaufman the right and authority to investigate accidents, to interview and interrogate witnesses, and to attend to the preparation of the testimony to be adduced by the defendant on the trial of such cases as he was instructed to look after. Although he states that he had a superior officer in his department, no suggestion is made that his own authority was in any way thereby limited. Matters connected with witnesses, therefore, were specially confided to him and he was left to exercise his own discretion and judgment as to the manner in which he should perform the duty, his authority being in nowise, so far as appears, limited or restricted by the defendant or by the person immediately above him in his department.

The question, therefore, is whether the acts and declarations of such an agent are binding on the railroad company. As a corporation is incapable of acting itself and can do so only through agents,

the rule is settled that the acts and declarations of the agent within the scope of his authority, are, as to third persons, binding on the corporation. As said in *Anderson* v. *Rome, W. & O. R. R. Co.* (54 N. Y. 339), " the principal constitutes the agent his representative in the transaction of certain business; whatever, therefore, the agent does in the lawful prosecution of that business, is the act of the principal whom he represents; and when the acts of the agent will bind the principal, his declarations respecting the subject-matter will also bind him, if made at the same time and constituting part of the *res gestæ*."

To assert that because the inspector had nothing to do with the car which caused the injury nor any duty concerning it, and, therefore, the evidence offered was not competent because it did not bear upon the main fact to be proved at the trial, namely, that the defendant was negligent, seems to me to beg the question here at issue, for it is conceded that the evidence sought to be introduced is an exception to the general rule that collateral facts cannot be proved. The declaration attempted to be shown, which was in the nature of an admission, was a collateral fact; and if competent only because it had a direct bearing upon the question of the defendant's negligence, such a declaration never would be admissible. It is conceded, however, that the declaration here was admissible if made by an agent within the scope of his authority; and it is only this latter point that it was necessary to establish to render the testimony competent.

If the acts of this agent, clothed as he was with authority to look after witnesses, are not binding upon the defendant, then it is difficult to conceive how the corporation could ever be bound by anything short of a meeting of the entire board of directors and the passing by them of an express resolution conferring authority upon some particular officer or person to do each specific act which might arise in his employment. Such a limitation upon the power of the agents of a corporation, if extended to all corporate transactions, would not only hamper the corporation itself but would make it exceedingly dangerous for any one to have dealings with its officers or agents unless the person dealing with them first ascertained that they had express authority by resolution of the board of directors to transact every detail of the business committed to them. If the principle is applicable to one detail, it is equally applicable to every other.

The inspector in the course of his employment went to the witness, and I think the defendant is bound by his acts and declarations at that time, which were here sought to be proved, if the principle in the cases cited in the prevailing opinion is here applied. The rule underlying them all is, as stated in *Anderson* v. *Rome, W. & O. R. R. Co.* (54 N. Y. 339), that "the declarations of an agent, which are part of any *res gestæ* which is the subject of inquiry, are received against the principal." The principal is not bound where, as in *Thallhimer* v. *Brinckerhoff* (4 Wend. 394), the agent's act is done after the transaction is completed; but as therein stated "what was done and said at the settlement, or when the monies were actually paid over, might well be proved."

Having concluded that the evidence sought to be adduced was competent and relevant and, as here appears, material, in view of the evenly balanced state of the testimony, I think that the error in excluding it was substantial and, therefore, that the judgment should be reversed and a new trial ordered.

Judgment affirmed, with costs.