## Village of Humboldt v. Emily Watkins.

1. CROSS-EXAMINATION—*what proper upon.* Questions which tend to elicit the interest of a witness and his relations to the parties, are competent and should be permitted upon cross-examination.

2. CROSS-EXAMINATION—*when improper restriction of, will not reverse.* Where a cross-examination has been improperly restricted, a reversal will not be ordered where it appears that such action did not affect the result.

Action on the case for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

ANDREWS & VAUSE, for appellant.

EDWARD C. and JAMES W. CRAIG, JR., for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

Mrs. Watkins, appellee, brought suit against the village of Humboldt to recover damages for personal injuries received by her in a fall upon a sidewalk in the village. The declaration is in the usual form setting out that the sidewalk, constructed of planks and stringers, had been permitted by the village to become and remain for a long time in a broken, rotten, unfastened condition and unsafe for use, whereby she while passing over the same and using due care was tripped and fell and broke her wrist and arm, etc. Plea of not guilty was filed, trial had by jury and verdict and judgment were rendered for plaintiff for $500. That the sidewalk was badly out of repair and known to be so by the defendant, long before the date of the injury, that the plaintiff fell and was thereby injured and that the damages assessed are moderate, are matters abundantly proven by the evidence. The only matters urged for reversal are, first, that the verdict is against the weight of the evidence; second, that the trial judge made improper remarks in the presence of the jury; and third, that the court erred in giving and refusing instructions. It is

wholly unnecessary to discuss the evidence; there is abundance of it to sustain the verdict.

When Robert Watkins, a brother-in-law of plaintiff, was under cross-examination by defendant, he was asked if he did not assist in selecting the jury. Counsel for plaintiff objected to the question, and the court sustained the objection, making the remark: " There is nothing improper about his helping to select the jury." The question was a proper one, the objection should have been overruled and the remark should not have been made.

The object of the question was to show the relation of the witness to the case, his interest, if any, in the suit. If the question had been answered and in the affirmative and the remark had not been made, the verdict without doubt would have been the same. We cannot reverse a judgment for errors which we can see worked no injury.

Complaint is made of one instruction given for plaintiff and of the court's refusal to give five instructions which were asked in behalf of defendant and refused. We are not justified in taking space in discussing these several instructions. We find no reversible error in the action of the court in this regard. The jury was very fully and fairly instructed in behalf of defendant. The ninth refused instruction might properly have been given, but there was no error in its refusal.

The verdict was eminently just and the judgment thereon is affirmed.

*Affirmed.*