# Hackworth v. The Hastings Industrial Company.

(Decided January 24, 1912.)

## Appeal from Shelby Circuit Court.

1. Principal and Agent—Power of Attorney.—A special power of attorney given by a principal to his agent, authorizing the latter to subscribe for shares of stock in a proposed corporation on behalf of the principal, does not authorize the agent to sign his principal's name to a contract with a building company to erect a building for the proposed corporation.

2. Power of Attorney to be Strictly Construed.—Powers of attorney receive a strict interpretation, and the authority thereby given is never extended by intendment, or construction, beyond that which is given in terms, or is absolutely necessary for carrying the authority into effect, and that authority must be strictly pursued.

3. Question of Law—Duty of Court.—The legal effect of a written instrument is to be decided by the court; that question should not be submitted to the jury.

P. J. BEARD and C. J. BARRICKMAN for appellant.

E. B. BEARD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

In 1909 about fifty persons living near Waddy, Shelby County, Kentucky, became interested in the erection of a canning factory at that place. It was proposed to organize a corporation, the stock to be taken by those interested in the enterprise. Bullard solicited subscriptions, and obtained the following paper from Hackworth:

"Shelbyville, Ky., November 19, 1909.
"This order confers upon William Bullard the special power of attorney to subscribe two shares of stock in Canning Factory to be located at Waddy. One share for W. S. Hackworth, and one share for Mrs. W. S. Hackworth.        "W. S. Hackworth."

The proposed corporation was never organized, but a contract was made by the individual projectors with appellee, The Hastings Industrial Co., of Chicago, to erect The Waddy Canning Factory, for the sum of $4,950. All the proposed subscribers signed the building contract with The Hastings Industrial Co., and in doing so showed the number of shares they proposed to take in the corporation when formed, and the sums they

agreed to pay; and to this contract Bullard signed the name of Hackworth and his wife for one share each, aggregating $200. The company built the factory according to the plans and specifications, and brought this suit upon the contract against Hackworth to recover $200, the aggregate amount of the subscription made for him and his wife by Bullard. Hackworth denies that he made the contract sued on, and this raises the question of Bullard's authority to bind Hackworth to this contract under the power of attorney above quoted. Upon the trial in the Circuit Court the jury returned a verdict for the company for $200, and from a judgment thereon Hackworth appeals.

At the conclusion of appellee's testimony, appellant moved the court to instruct the jury peremptorily to find for the defendant, but this motion was overruled. At the conclusion of all the testimony, the appellant renewed his motion for a peremptory instruction, which was again overruled; whereupon he offered, and the court refused to give, the following instruction:

"Unless the jury believe from the evidence that the defendant, W. S. Hackworth, authorized and empowered Wm. Bullard to sign his name and his wife's name to the contract sued on with the Hastings Industrial Company, they should find for the defendant."

The court, on its own motion, instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that the defendant, W. S. Hackworth, authorized Wm. Bullard to sign his and his wife's name to the paper filed in the evidence of this case and identified as 'Contract and endorsed specifications for a combined Tomato, Sweet Potato and Fruit Canning Factory,' and filed with petition, to be located at Waddy, Kentucky, for two shares of stock of the value of $100 each, and they further believe that said Wm. Bullard did sign the name of defendant and his wife's name to said paper before said authority was canceled by defendant, and they further believe the plaintiff has substantially complied with its agreement and has not yet collected the full sum of $4,950 specified in the contract and subscription list, they should find for the plaintiff the sum of $200. Unless they so believe they should find for the defendant."

It will be noticed that this instruction submitted to the jury the question as to whether the power of attor-

ney authorized Bullard to sign the name of Hackworth and his wife to the contract. Clearly this was error, since the legal effect of the paper was a question of law to be decided by the court, and its decision upon that question left nothing to be submitted to the jury, since Bullard relied solely upon the written authority.

The power of attorney was special in its terms, and authorized Bullard to subscribe for two shares of stock, while the contract bound Hackworth to pay $200 towards the construction and equipment of a canning factory. Bullard had authority to subscribe for shares in a corporation, and when he signed a contract for the erection of a building, he exceeded his authority.

In Gilbert v. Herd, 45 Minn., 121, 22 Am. St. Rep., 724, the court said:

"All powers of attorney receive a strict interpretation, and the authority is never extended by intendment, or construction, beyond that which is given in terms, or is absolutely necessary for carrying the authority into effect, and that authority must be strictly pursued. (Authorities cited.) And a party dealing with an agent is chargeable with notice of the contents of the power under which he acts, and must interpret it at his own peril. Sandford v. Hendy, 23 Wend., 260; Nixon v. Hyserott, 5 Johns., 58."

In speaking of powers of attorney in Craighead v. Peterson, 72 N. Y., 278, 28 Am. Rep., 150, the New York Court of Appeals said:

"They are not subject to that liberal interpretation which is given to less formal instruments, as letters of instruction, etc., in commercial transactions, which are interpreted most strongly against the writer, especially when they are susceptible of two interpretations, and the agent has acted in good faith upon one of such interpretations. Wood v. Goodridge, 6 Cush., 117, 52 A., Dec., 771; Attwood v. Munnings, 7 B. & C., 278; Hubbard v. Elmer, 7 Wend., 446, 22 Am. Dec., 590; Hodge v. Combs, 1 Black (U. S.), 192."

The court should have peremptorily instructed the jury to find for the defendant, unless there is some other ground upon which the case should have been submitted to the jury; and appellee insists that such a ground exists because appellant ratified Bullard's act in signing the contract for him. There was some evidence upon that issue and the case has been argued here principally upon that theory. The question of Hackworth's

ratification of Bullard's act was the only issue that should have been submitted to the jury; and, in giving the instruction which authorized the jury to pass upon the legal effect of the power of attorney, the trial court was in error.

Judgment reversed for a new trial.