#### OUTLOOK HOTEL CO. v. ST. JOHN et al.

(Circuit Court of Appeals, Third Circuit. February 29, 1924.)

No. 3067.

**1. Witnesses ⬡⟼270(2)—Permitting cross-examination of president, on bankruptcy of defendant corporation, in suit for personal injury, held prejudicial error.**

In an action for personal injury, the bankruptcy of defendant corporation has no relevancy to the issues, and permitting extended cross-examination of its president respecting the bankruptcy, with the purpose and

effect of impressing the jury with the belief that its sole purpose was to defeat collection of plaintiffs' claim was prejudicial error.

2. Appeal and error ⬅1048(6)—Permitting cross-examination on matter improper for jury to consider held prejudicial error.

Permitting counsel, over objection, on cross-examination of a witness, to go into, and bring to the attention of the jury a matter which the appellate court, on a prior review of the case had held incompetent and improper for it to consider, *held* prejudicial error, though objection to some of the questions was sustained.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Action at law by Alice St. John and William M. St. John against the Outlook Hotel Company. Judgment for plaintiffs, and defendant brings error. Reversed.

See, also, 287 Fed. 115.

Arthur Lovell, of Plainfield, N. J., for plaintiff in error.

Elmer W. Demarest and Demarest & Rugge, all of Jersey City, N. J., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Alice St. John was a guest in the Monomonock Inn, at Caldwell, Essex county, N. J. The Outlook Hotel Company is alleged to have owned and operated the Inn and an automobile bus which took its guests from the Inn to the station. On July 9, 1920. when Mrs. St. John was riding in the bus from the Inn to the railroad station, she was thrown out and injured. She and William M. St. John, her husband, brought this action in the District Court to recover damages which they respectively sustained for her injuries, which they allege were due to the negligent operation of the bus by the defendant. The case was tried to the court and jury, which rendered a verdict for the plaintiff in the sum of $11,600.

Of the 20 assignments of error, only those which relate to the examination into the bankruptcy proceedings of the defendant and to the letters written by the president of the defendant company relative to a compromise are material and meritorious. This is the second time this case has been before us. Practically all the other questions raised were considered when the case was here before on substantially the same facts, and were resolved against the defendant. 287 Fed. 115. We see no reason to change our conclusions on those questions.

[1] Admittedly Mrs. St. John was thrown out of the bus and injured. The issues before the court and jury were whether she received those injuries through the negligent operation of the bus by the defendant company, and, if she did, the amount of damages which the plaintiffs were entitled to recover. The bankruptcy of the defendant had no relevancy whatever to these issues. The theory on which the examination was admitted over the continuous objection of counsel was to show the interest of the witness in the subject-matter, in order to affect his credibility. There is no question about the correctness of the theory. Humboldt v Watkins, 123 Ill. App. 62; Gallick v. Bor-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

deaux, 22 Mont. 470, 56 South. 961; State v. Olds, 18 Or. 440, 22 Pac. 940. The difficulty lies in its application to the issues which were before the jury. The witness was the president of the defendant company and counsel for the Phyfe estate, its principal creditor and stockholder. This, if relevant, could have been shown, without holding up to the jury, in a searching cross-examination covering seven pages of testimony, the bankruptcy of the defendant. The purpose of the cross-examination into the bankruptcy was to inform the jury that the defendant had caused bankruptcy proceedings to be instituted in order to defeat the collection of any judgment plaintiffs might recover. and this was expressly disclosed in the final question:

"Your interest here in behalf of the Phyfe estate is to beat out the payment of any judgment that this plaintiff may recover, isn't it?"

The cross-examination left with the jury the belief that the plaintiffs would receive only an unknown percentage of any verdict it might render. The cross-examination created the unmistakable impression in the minds of the jury that the sole purpose of the bankruptcy proceedings was "to beat" the plaintiffs out of damages to which they were justly entitled. To laymen this whole proceeding wore the aspect of a fraudulent scheme. By its admission in evidence, the jury were given to understand that it was a proper subject for their consideration in relation to the verdict. It may be significant that the amount of the verdict was more than twice the amount of the previous verdict. Mt. Morris Electric Light Co. v. United States Horse & Cattle Show Society, 9 Misc. Rep. 180, 29 N. Y. Supp. 584. The testimony was clearly prejudicial and rendered a fair trial impossible.

[2] We held, when the case was here before, that letters written to effect a compromise were presumed to be without prejudice, and so were inadmissible. Home Insurance Co. v. Baltimore Warehouse Co., 93 U. S. 527, 548, 23 L. Ed. 868, West v. Smith, 101 U. S. 263, 273, 25 L. Ed. 809. That ruling covered the entire subject of the letters. The president of the defendant company was required, over objection, to say that he wrote to plaintiffs' counsel a package of 11 letters, exhibited before the jury, between February 14, 1921, and June 15, 1921. Then counsel asked the following question:

"You have looked through them, and is there any one of these series of letters, numbering 11, is there anything in any of those 11 letters, that denies that the Outlook Hotel Company was the owner and operator and proprietor of the Monomonock Inn at Caldwell?"

Objection to this question was sustained. It was, however, an improper means of bringing to the minds of the jury facts which we had held were inadmissible, and which could not properly be considered by it. This was prejudicial, and a sufficient ground for the withdrawal of a juror.

It follows that the judgment is reversed, and a new trial awarded.

BUFFINGTON, Circuit Judge, did not take part in the consideraation or decision of this case.