R. K. PRESNELL v. J. W. GARRISON.

(Opinion filed April 19, 1898).

*Petition for Rehearing—Practice—Appeal—Record—
Parol Evidence—Exceptions to Evidence.*

1. On appeal or on petition to rehear a case formerly decided, this Court
   will not consider matters not contained in the transcript of the
   record.

2. A petition to rehear must be upon the record as it was at the former
   hearing.

3. Since all conveyances of land are required to be in writing, parol evi-
   dence of a verbal agreement establishing the boundaries between
   the owners of adjoining tracts of land is not admissible in the
   trial of an action to establish such boundaries.

4. Where, in the trial of an action, objection is made to evidence upon
   an improper ground, this Court will treat the evidence as not ob-
   jected to.

5. While the general rule is that this Court will not review evidence as
   to its competency or incompetency, yet, where a trial judge admits
   evidence which is made incompetent by statute, and which it is
   his duty, of his own motion, to exclude, this Court will permit
   the error to be assigned at the argument, though not excepted to
   on the trial below.

PETITION by plaintiff to rehear the case between same
parties decided at September Term, 1897, of this Court
and reported in 121 N. C. Reports at page 366.

*Mr. S. J. Ervin* for plaintiff (petitioner).
*Messrs. A. C. Avery* and *W. S. Pearson, contra.*

FURCHES, J.: This case is before us on petition to re-hear. The application is largely based upon new mat-ter, not in the record at the former hearing. We have no precedent for this practice, and do not care to make one. We have held in two cases at this Term that we could not consider matters not contained in the tran-script of the record on appeal. *Howard* v. *Railroad, post,* and *Byrd* v. *Bazemore, ante,* page 115. An appli-cation to rehear must be upon the record as it was at the former hearing. This being so, it remains to be seen whether there is error in the former judgment of the court.

On the trial, the plaintiff, Presnell, was introduced as a witness in his own behalf, and testified as follows :

"To a certain parol agreement made by him with one George Deal, then deceased, establishing an agreed line between the plaintiff and the said Deal, which said line was the East and West line (marked) shown the jury on the trial in the map of survey made at the instance of the plaintiff, and used in the trial without objection from the defendant."

This is all that the record shows as to the trial, except the verdict and judgment for plaintiff, and appeal by defendant. This evidence was objected to under Sec-tion 590 of *The Code,* and we held that the section did not apply.

But suppose it had been objected to upon the ground that the plaintiff could not establish title to land by parol evidence, would it be claimed that it was compe-tent for any purpose shown by the record? We think not.

But as a wrong reason was assigned for the objection, we treat the case as if no objection had been taken. This is as favorable to the plaintiff as he can ask. But if it was the duty of the judge to exclude it, then it stands as if a good reason had been assigned.

The rule, as we understand it, is that where evidence is offered that has been made incompetent to prove the fact for which it was offered, it is the duty of the court *ex mero motu* to reject it. This has been expressly held in *State* v. *Ballard*, 79 N. C., 627, and we see no reason why the same rule of evidence should not prevail in civil as well as in criminal actions. The evidence was clearly incompetent under the Statute of Frauds (*Code*, Section 1245), if proper objection had been made.

The general rule undoubtedly is, as the plaintiff contended, that this Court will not review evidence as to its competency or incompetency where there is no exception. But the courts have made this an exception to the general rule, and we have only done what has been done by the courts. We cannot commend the practice of a party's remaining silent and depending upon the judge to make objection for him. In this case, the defendant did object, which called the attention of the court to the evidence, and he assigned a wrong reason for his objection. We have given this petition full consideration, and find no error in the former judgment of the court. But we feel that if any injustice has been done the plaintiff in making up the case on appeal, he may have this inadvertence corrected in the new trial. The petition is

Not allowed.