## MOFFITT–WEST DRUG CO. v. BYRD.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1899.)

### No. 1,069.

1. CONTRACTS—ACTION FOR BREACH.
    It is error, in an action for damages for breach of contract, to permit a recovery without proof of a contract and a breach.
2. SAME—OFFER TO CONFESS JUDGMENT—EFFECT WHEN UNACCEPTED.
    An offer by a defendant to confess judgment for a part of the amount claimed, if unaccepted, cannot be permitted to affect the issues, or the rights of the parties, and will not support a recovery without proof of the cause of action alleged.
3. DAMAGES—BREACH OF CONTRACT TO SELL GOODS.
    Under the rule that damages which may be allowed for breach of contract must be the natural and probable consequences of the breach, the damages recoverable for the breach of a contract to sell and deliver merchandise, in the absence of allegation and proof of special circumstances known to the seller, are limited to the difference between the contract price and the market value of the goods at the time and place of delivery, with interest, and incidental expenses of the purchaser in connection with the contract cannot be considered.

In Error to the United States Court of Appeals in the Indian Territory.

This was an action by L. A. Byrd against the Moffit-West Drug Company. There was a judgment for plaintiff, which was affirmed on appeal by the court of appeals of Indian Territory (43 S. W. 864), and defendant brings error.

James B. Burckhalter, for plaintiff in error.

W. H. Tibbils, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. L. A. Byrd, the defendant in error, brought an action against the Moffitt-West Drug Company, a corporation, and the plaintiff in error, for damages for breach of a contract to deliver to him a bill of goods whose purchase price was $555.85. In his amended complaint he alleged that the drug company agreed to sell and deliver these goods to him; that he paid it $100 of the pur-

chase price; that it failed to deliver the merchandise; and he prayed for judgment for the $100 he had paid, for $100 for loss of credit, for $25 for loss of his time, and for $75 for the difference between the price of the goods and their value at the time and place of delivery. The highest estimate of the difference between the contract price and the value of the goods was $55.58. There was evidence that the defendant in error employed and boarded a clerk and his wife while he was waiting for the arrival of the goods, and that during this period of waiting he lost about $30 on account of his own time and the expense of boarding and paying his employé, and upon this evidence the jury gave him a verdict for $175 and interest. At the close of the trial the plaintiff in error requested the court to instruct the jury (1) that the defendant in error could not recover unless the jury found that there was a contract, and a breach of it; and (2) that, in case they found for the defendant in error, he would be entitled to recover only the difference between the contract price and the market value of the goods. The court refused to give this request, and charged the jury that Byrd was entitled to recover the $100 he had paid on account of the purchase price of the goods, whether they found that there was a contract and a breach of it or not; and that, if they found that there was such a contract and breach, he could recover, in addition to that $100, such other damages as they might find from the evidence he had sustained. The court gave them no rule by which to measure these damages.

This was an action for damages for the breach of a contract. No other cause of action, no other ground of recovery, was suggested in the complaint. It may or may not be true that the defendant in error was entitled to recover the $100 he paid for the goods in an action for money had and received if there was no contract, or if there was no breach of it. That is a question that was not in issue in this action; a question that cannot be determined until the claim for this money on this ground is properly made and pleaded, and the plaintiff in error has had an opportunity to answer it. The drug company may have a perfect defense to or counterclaim against that cause of action when it is presented. It had no chance to defend against it in this action, and consequently there could be no lawful recovery here against such a claim. The purpose of pleadings is to notify the parties of the grounds upon which a recovery is sought or a defense is based. No rule is more indispensable to the just and impartial administration of justice, and none is better settled, than that the recovery permitted or the defense sustained must be in accordance with the allegations and the proofs (Burton v. Platter, 4 C. C. A. 95, 99, 53 Fed. 901, 905, and 10 U. S. App. 657, 663), and it is seldom that a violation of this rule more flagrant than is shown in this case is found. In an action for damages for breach of a contract the court charged that a recovery might be had, although there was no contract and no breach.

It is suggested that this charge is justified by the fact that during the trial of the case the plaintiff in error offered to confess judgment for $100. If that offer had been accepted, the error in the charge would undoubtedly have been waived; but it was refused, and after

its refusal it was, upon well-settled principles, entitled to no consideration, and should have had no effect in the trial and determination of the case. The offer was made under sections 5221 and 5222 of Mansfield's Digest of the Statutes of Arkansas, 1884, which provide that the defendant may offer judgment for part of the amount claimed; that, if the offer is not accepted, and the plaintiff fails to recover more, he shall pay all costs incurred after the offer is made, and that "the offer shall not be deemed to be an admission of the cause of action, or amount to which the plaintiff is entitled, nor be given in evidence upon the trial." Beyond this, if there had been no such statute, this unaccepted offer would have been immaterial upon general principles. It was a mere attempt to buy peace,—to compromise the controversy,—and for this reason it was neither an admission of liability nor of the truth of any averment of the complaint. It is the policy of the law to favor the settlement of disputes, to foster compromises, and to promote peace. If every offer to buy peace could be used as evidence against him who presents it, many settlements would be prevented, and unnecessary litigation would be produced and prolonged. For this reason unaccepted offers to compromise claims or to purchase peace are inadmissible in evidence at the trial of controversies over the claims to which they appertain, and should not be permitted to affect the rights of the parties, or to influence the results of the trials. Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527, 548; West v. Smith, 101 U. S. 263, 273; Laurence v. Hopkins, 13 Johns. 288; 1 Phil. Ev. (5th Am. Ed.) 350, note 124. The unaccepted offer of judgment for part of the amount claimed did not warrant the charge, and it is error, in an action for damages for breach of a contract, to permit a recovery without proof of a contract and a breach.

The charge of the court on the measure of damages was also defective. There was no pleading or proof which would warrant a recovery of more than the $100 paid by the defendant in error and the difference between the contract price and the market value of the goods at the time and place of the delivery, with interest thereon; and the court should have so instructed the jury. The damages for the breach of a contract for the sale of goods are ordinarily limited to the difference between the market value and the contract price, because this difference measures the only damages which flow naturally from the breach, and which can be reasonably anticipated by the parties when the agreement is made. Goods are bought to be sold again, and the parties to a sale know that the vendee buys to gain a profit which he may obtain by another sale at the market price in his locality, and that he will inevitably lose that profit if the contract is not performed. The receipt of this profit by the vendee is implied by the contract, and is contemplated by the vendor when the sale is made; and, while it falls within the established rules, it is generally the limit of the recovery that can be allowed for the breach. Those damages which are the natural and probable result of the breach of a contract, those which may be fairly considered as arising from its breach in the usual course of things, those which the parties may reasonably anticipate when the contract is made, and those only, are recoverable in an

action on a contract, in the absence of special circumstances, known to the defaulting party when the contract is made, from which other damages may be anticipated. The rule is universal that the damages which may be allowed must be the natural and probable consequence of the breach, and that they may not be so remote that the defaulting party could not have reasonably anticipated them under the circumstances of the particular case. Rockefeller v. Merritt, 22 C. C. A. 608, 617, 76 Fed. 909, 918, and 40 U. S. App. 666, 680; Howard v. Manufacturing Co., 139 U. S. 199, 205–210, 11 Sup. Ct. 500; Railroad Co. v. Bucki, 16 C. C. A. 42, 46, 68 Fed. 864, 868, and 30 U. S. App. 454, 460; Kempner v. Cohn, 47 Ark. 519, 527, 1 S. W. 869; Telegraph Co. v. Short, 53 Ark. 434, 443, 14 S. W. 649. No special circumstances were pleaded or proved to have been known to the plaintiff in error at the time that the defendant in error claimed that it made the contract in suit from which it could reasonably have anticipated any other damages from its breach than those which ordinarily flow from breaking a contract to sell and deliver merchandise. The loss of the time of the purchaser, the loss of the salary of his employé, and of the expense of the board of that employé and his wife for two weeks, is certainly not the natural or probable consequence of the breach of an agreement to sell merchandise of the value of $550, and it should not have been considered by the jury. Such damages are not implied by the contract, cannot be reasonably foreseen or anticipated as the result of a breach of it, do not ordinarily flow from such a breach, and cannot be permitted to form the basis of a judgment. Telegraph Co. v. Short, 53 Ark. 434, 443, 14 S. W. 649; Railway Co. v. Mudford (Ark.) 3 S. W. 814, 816; Ingledew v. Railroad, 7 Gray, 86, 91; Railroad Co. v. Kennedy, 41 Miss. 671, 679.

The judgment of the United States court of appeals in the Indian Territory and the judgment of the United States court in the Indian Territory, Northern district, are reversed, and this case is remanded to the latter court for a new trial.