HAMMOND PACKING CO. v. DICKEY.

(Circuit Court of Appeals, Eighth Circuit. January 10, 1911.)

No. 3,346.

1. EVIDENCE (§ 213*)—RELEVANCY—ATTEMPT TO COMPROMISE.

In an action for injuries, evidence of an unsuccessful effort on the part of defendant's attorney to effect a compromise or settlement is inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 745; Dec. Dig. § 213.*]

2. EVIDENCE (§ 380*)—PHOTOGRAPHS—PRELIMINARY PROOF.

In an action for injuries to plaintiff's leg, a photograph of a man's leg, showing considerable injury and a scar at the place where plaintiff claimed he had been injured and scarred, was inadmissible, in the absence of proof identifying the photograph, indicating when it was taken, whose leg was shown thereon, and that the injury and scar illustrated therein truly represented the extent or character of plaintiff's injury or scar.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1657; Dec. Dig. § 380.*

Photographs as evidence in civil actions, see note to Porter v. Buckley, 78 C. C. A. 145.]

In Error to the Circuit Court of the United States for the District of Colorado.

Action by John Dickey against the Hammond Packing Company. Judgment for plaintiff, and defendant brings error. Reversed, with directions to grant a new trial.

J. H. Burkhardt and L. F. Twitchell (Frank C. Goudy, on the brief), for plaintiff in error.

George Q. Richmond (C. F. Clay, on the brief), for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

VAN DEVANTER, Circuit Judge. This was an action to recover for personal injuries, and the verdict and judgment were for the plaintiff. At best the case was so close upon the evidence, and the plaintiff's right of recovery was so uncertain, that errors in the admission of evidence were calculated to be more harmful than usual.

In the course of the trial the plaintiff was permitted, over the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant's objection, to make proof of an unsuccessful effort on the part of the defendant's attorney to effect a compromise or settlement of the plaintiff's cause of action. In this there was error. As we had occasion to say in Moffitt-West Drug Co. v. Byrd, 34 C. C. A. 351, 352, 92 Fed. 290, 291, and again in New York Life Ins. Co. v. Rankin, 162 Fed. 103, 108, 89 C. C. A. 103, 108:

"It is the policy of the law to favor the settlement of disputes, to foster compromises, and to promote peace. If every offer to buy peace could be used as evidence against him who presents it, many settlements would be prevented, and unnecessary litigation would be produced and prolonged. For this reason unaccepted offers to compromise claims or to purchase peace are inadmissible in evidence at the trial of controversies over the claims to which they appertain, and should not be permitted to affect the rights of the parties, or to influence the results of the trials."

There was also admitted in evidence, over the defendant's objection, a photograph of a man's leg, showing a considerable injury or scar at the place where the plaintiff claimed that he had been injured and scarred. But there was no evidence identifying the photograph, or indicating when it was taken, or whose leg was shown therein, or that the injury and scar illustrated therein truly represented the extent or character of the plaintiff's injury or scar. In this situation, we think the photograph ought not to have been admitted.

Because of these rulings, the judgment is reversed, with a direction to grant a new trial.