# McMAHON *v.* MATTHEWS.

EVIDENCE; COMPROMISE; REJECTION; ERROR; SUBMISSION TO JURY.

1. The rejection of incompetent evidence of a preliminary offer to compromise, for the invalid reason that it was immaterial, is not reversible error, unless the party offering the evidence could have obviated the real ground of its inadmissibility if that objection had been made in the court below.

2. The assigning of a wrong reason for a correct ruling does not constitute error. (Citing *Howes* v. *District of Columbia*, 2 App. D. C. 188.)

3. The rule that evidence of an unsuccessful attempt to compromise a claim is incompetent in a subsequent action thereon is not rendered inapplicable by the fact that at the time of such attempt no claim has been asserted, where the basis for a probable claim was in existence.

4. The law encourages the compromise of disputes, and looks with favor on all proper efforts in that direction.

5. The question as to whether an offer of settlement constitutes an admission of liability should not be submitted to the jury in a subsequent action upon the claim, where the defendant on making the offer stated that he did not mean it to be understood as an admission of liability on his part.

No. 3141.   Submitted December 4, 1918.   Decided January 6, 1919.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of tort.                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Garnet McMahon, plaintiff below, brought suit against the appellee, Charles E. Matthews, defendant below, to recover for injuries sustained by her in an accident which she claimed resulted from the negligence of the defendant. There was a verdict and judgment against her.

Only one claim of error is made, and that relates to the action of the court in excluding an offer of testimony by the plaintiff as a part of the cross-examination of the defendant. She endeavored to show, in the language of the record, that "the defendant voluntarily visited the home of the [her] mother and there offered to pay her a sum of money, namely, $25, stating that he wanted to be generous about it, and that he did not mean the offer to be understood as an admission of liability; to which the mother replied that if he was not liable and responsible for the accident, she ought not to receive anything from him, whereas if he was liable her compensation ought to be commensurate with the injury to her daughter; to which defendant replied: 'I will not pin you to $25; you name what you think a reasonable sum;' and the mother in turn replied that she was not disposed to take the matter up at that time." Also that "this same proposition was renewed and repeated and made to the mother of the plaintiff as many as four or five times, with the same result." The defendant "objected upon the ground that the same was not material," and was sustained by the court, and the testimony was refused. It further appears that at the time of this conversation between the defendant and the plaintiff's mother no "claim of any kind" was made "by either the plaintiff or her mother upon the defendant;" the defendant having "voluntarily visited the home of the mother," and there made the offer referred to.

*Mr. Henry E. Davis* and *Mr. A. Leftwich Sinclair,* for the appellant:

The sole objection to the proffered testimony was that it was not material.

1. That the testimony was material is so far beyond doubt as to render argument respecting its materiality difficult, if not impossible.

If admitted, the testimony might and should have been considered by the jury as showing that, in the consciousness of negligence and corresponding responsibility on his part, defendant

sought, not plaintiff herself, but her mother, and made a tender of compensation in a stated sum; and when plaintiff's mother replied that if defendant was not liable and responsible in the premises she ought not to receive anything from him, otherwise more, defendant, with what must and can only be considered an admission of liability, offered to permit the mother herself to name a reasonable sum by way of compensation.

And appellant might well rest here, for the reason that, having chosen the ground of objection to the testimony and that being found untenable, defendant is not now at liberty to present any other or different ground.

Only objections or grounds of objection heard in the trial court will be considered on appeal. 3 C. J. 892, 893, and the numerous cases cited.

And where a wrong reason is assigned for an objection, it is the same as if there was no objection at all. *Pressnell* v. *Garrison,* 122 N. C. 595.

2. Assuming, although the record does not so show, that the proffered testimony was refused admission upon the ground that the act of defendant indicated thereby was by way of attempted compromise, its rejection, even on that ground, was likewise error.

"Confidential overtures of pacification and any other offers or propositions between litigating parties, expressly stated to be made without prejudice, are excluded on grounds of public policy. For, without this protective rule, it would often be difficult to take any steps towards an amicable compromise or adjustment." 1 Greenl. Ev. sec. 192.

"Overtures for the compromise of controversies are frequently made by parties who in good faith believe in the justice of their claim or defense, but who desire to avoid the annoyance and uncertainty of litigation. Hence, offers of compromise are not necessarily any admission that the claim or defense is lacking in merit; and such offers are not in general admissible." Jones, Ev. 2d Ed. sec. 291.

"An offer by one party to the other, *i. e.,* if by a plaintiff, to accept compensation, and if by a defendant, to make com-

pensation, being open to the inference that it proceeds only from a desire to end controversy, and not from a concession of correctness of the opponent's case, is not receivable." Wigmore, Pocket Code Ev. sec. 642.

"And although there was formerly a question whether, in order to be excluded, the statements of a party sought to be introduced must be shown to have been made by him without prejudice, it may be conceded that the prevailing rule now is that an offer, if plainly one of compromise, will be presumed to, have been made without prejudice, the courts looking at the intrinsic character of the transaction, and if the offer is clearly one of compromise it is inferred to have been made without prejudice." Jones, *supra*.

Where the question is whether a statement desired to be introduced in evidence was intended as an admission, or as an offer of compromise, it should be submitted to the jury for its determination. *Colburn* v. *Groton*, 66 N. H. 151; *Bartlett* v. *Hoyt*, 33 N. H. 151; *Hall* v. *Brown*, 58 N. H. 93; *Long* v. *Pierce Co.* 22 Wash. 330.

To exclude the statement or act offered in evidence, it is essential that it must appear that there was a dispute or controversy between the parties before, or at, the time. *Brice* v. *Bauer,* 108 N. Y. 428; *Bassett* v. *Shares,* 63 Conn. 39; *Richardson* v. *Pottery Co.* 63 N. J. L. 248; *Cates* v. *Kellogg,* 9 Ind. 506; *Blake* v. *Austin* (Tex.) 75 S. W. 571; *Cochran* v. *Baker,* 34 Or. 555; *C. & O. Railway Co.* v. *Stock,* 104 Va. 97; *Hall* v. *Brown,* 58 N. H. 93; *Anadarko* v. *Argo,* 35 Okla. 115.

And where the offer has reference only to amount, it will be received as an admission of liability. *Brice* v. *Bauer* and *Bassett* v. *Shares, supra.*

Communications made to third persons, and not in confidence, do not come within the rule of excluded admissions, because made for purposes of a compromise. *Moore* v. *Gaus Mfg. Co.* 113 Mo. 98.

The statement of a party against whom a claim is made, that he is willing to settle the claim, when not connected with an

offer of compromise, may be proved as an admission against interest. *Smith* v. *Whittier,* 95 Cal. 279.

Admissions to a third person, not an attorney, and not under any pledge of confidence, are competent evidence against the person making them, notwithstanding that they were made with intent to promote a compromise of the demands to which they relate. *Ashlock* v. *Linder,* 50 Ill. 169.

In order that admissions shall be excluded on the ground that they were made for the sake of a compromise, it must be clearly shown that such subsequent negotiations were had. *Steeg* v. *Walls,* 4 Ind. App. 18.

An offer made by the defendant to the father of the prosecutrix to contribute money for the purpose of sending her away is not an offer to compromise, and is admissible in evidence. *Robb* v. *Hewitt,* 39 Neb. 217.

Also see *Brown* v. *Shields,* 6 Leigh (Va.) 440.

*Mr. Alvin L. Newmyer* for the appellee.

*Mr.* Chief Justice SMYTH delivered the opinion of the Court:

Appellant urges that if what the defendant said to her mother can properly be regarded as an offer to compromise, it was not immaterial, although it might be inadmissible for other reasons; that the appellee is bound by his objection of immateriality; and that if we should find that the testimony was not immaterial we must reverse the case, even though we are satisfied that it was incompetent or otherwise invalid.

If the court had received the testimony over the objection of the defendant, he could not, as a general rule, be heard in this court to assign another reason than that stated in the court below why it should not have been admitted. *Lilly* v. *Hamilton Bank,* 29 L.R.A.(N.S.) 558, 102 C. C. A. 1, 178 Fed. 53, 59. In such a case if the objection made below was unsound the court would not have committed error in receiving the testimony. The defendant would be in the same plight as if he had made no objection, for an invalid objection is like unto no objection. *Presnell* v. *Garrison,* 122 N. C. 595, 29 S. E. 839. But where the testimony was correctly rejected.

though for a wrong reason, the party complaining of the rejection would have no ground on which to rest his complaint, since he was without right to have the testimony received, unless it appears that he could have obviated the objection if it had been made below. *Spottiswood* v. *Weir,* 80 Cal. 449, 450, 22 Pac. 289; *State ex rel. Beckwith* v. *Finn,* 100 Mo. 429, 434, 13 S. W. 712. The assigning of a wrong reason for a correct ruling does not constitute error. *Howes* v. *District of Columbia,* 2 App. D. C. 188, 191. The authorities cited in support of appellant's position, when analyzed, are not out of accord with this holding, but if they were we would still adhere to the rule as more in consonance with the better reason and greater weight of authority.

If the testimony offered in the case before us was incompetent, the record fails to show that it was within the power of the plaintiff to remedy the defect.

Was it incompetent? Appellant says it was not, and urges that since there was no *lis mota* at the time the proposition to settle was made the rule for which appellee contends does not apply,—that there must be a controversy before any steps can be taken to settle it. This we think is too narrow a view of the applicable law. *Finn* v. *New England Teleph. & Teleg. Co.* 101 Me. 279, 283, 64 Atl. 490. See also *Hurst* v. *Williams,* 31 Ky. L. Rep. 658, 102 S. W. 1177; *Southern R. Co.* v. *Reeder,* 152 Ala. 227, 126 Am. St. Rep. 23, 44 So. 702. What difference in reason can it make whether a claim has been asserted or is only likely to be asserted. The basis for a prob able claim or dispute was in existence. Governed by the knowledge of what usually follows when an accident happens, the appellee was justified in assuming that a claim might be preferred against him which would cause expense and trouble, even though unfounded. Having this belief, it was his right to try to save the expense of litigation albeit he believed himself free from blame in the matter. In its last analysis the question is, Did the defendant in making the offer admit liability? He said at the time that he did not. That denial inhered in each statement that he made. We cannot perceive any reason

for holding that a proffer of settlement in which he denied liability had the effect of admitting what he denied.

The law encourages the compromise of disputes and looks with favor on all proper efforts in that direction. *Moffitt-West Drug Co.* v. *Byrd,* 34 C. C. A. 351, 92 Fed. 290; *Gerrish* v. *Sweetsor,* 4 Pick. 377; *White* v. *Old Dominion S. S. Co.* 102 N. Y. 661, 662, 6 N. E. 289. We are clearly of the opinion that the tendered testimony was incompetent and was legally rejected.

Nor was the plaintiff entitled to have the question as to whether or not what defendant said to her mother constituted an admission of liability submitted to the jury. There is nothing in it which would warrant a finding that it was such an admission. The question was for the court alone. Furthermore, to let the testimony go to the jury would be to commit the wrong which the rule rendering such testimony incompetent was intended to prevent. *Georgia R. & Electric Co.* v. *Wallace,* 122 Ga. 547, 50 S. E. 478; *Biggs* v. *Langhammer,* 103 Md. 94, 102, 63 Atl. 198; *Colburn* v. *Groton,* 66 N. H. 151, 22 L.R.A. 763, 28 Atl. 95.

Counsel for appellant present some authorities to the effect that, where there is doubt as to whether or not liability was admitted, the court in its discretion may submit the matter to the jury for its determination. *Bartlett* v. *Hoyt,* 33 N. H. 151; *Long* v. *Pierce County,* 22 Wash. 330, 61 Pac. 142. But for the reason just assigned, if no other, these cases are not applicable. There is no doubt here as to the meaning of what the defendant said to the plaintiff's mother upon the subject. Besides, in none of the cases just mentioned did the party making the offer state when submitting it, as was done by the defendant here, that it must not be construed as an admission of liability on his part. Those cases do not support the position of the appellant.

The judgment is affirmed, with costs.          *Affirmed.*