## OUTLOOK HOTEL CO. v. ST; JOHN et al.

(Circuit Court of Appeals, Third Circuit.. February 15, 1923.).

### No. 2919.

1. **Appeal and error** ⬯1053(1)—**Attempted withdrawal of evidence of settlement negotiations held ineffective.**

   Error in the admission of letters relating to negotiations for settlement, excluding therefrom only the statement of amounts, was not cured by the statement of plaintiffs that the letters were withdrawn and never reached the eyes of the jurors, where they had been read to the jurors and the cross-examination of a witness had been based on them, so that they were as much in the minds of the jurors as though they had been in the record, and especially where the trial judge in his charge did not treat them as having been withdrawn.

2. **Evidence** ⬯214—**New Jersey rule as to evidence of settlement does not apply in federal courts.**

   The New Jersey rule that offers of settlement are inadmissible only when it is expressly stated that they are made without prejudice is not applicable as a rule of evidence in the federal courts.

3. **Evidence** ⬯214—**Offer of settlement is presumed to have been made without prejudice.**

   An offer of settlement is presumed to have been made without prejudice, if it is plainly an offer of compromise, and 'is therefore inadmissible in evidence, though not expressly stated to have been made without prejudice.

4. **Evidence** ⬯213(1)—**Admission of letters offering settlement held error.**

   In an action for personal injuries, where a principal issue was defendant's operation of the hotel on whose bus plaintiff was riding when injured, the admission in evidence of letters by defendant making offers of settlement, though the amounts offered were withheld from the jury, was erroneous, where all they contained in the way of admissions of defendant's liability were offers to buy peace. .

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Alice St. John and another against the Outlook Hotel Company. Judgment for plaintiffs, and defendant brings error. Reversed, and new trial awarded.

Arthur Lovell, of Plainfield, N. J., for plaintiff in error.

Demarest & Rugge, of Jersey City, N. J., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. Alice St. John, a citizen of New York, was a guest of the Monomonock Inn, a summer hotel at Caldwell, N. J., owned by the Outlook Hotel Company, a corporation of New Jersey. Going to the station one rainy morning, the hotel automobile bus skidded, throwing Mrs. St. John to the street and causing her injuries. She and her husband brought this suit to recover damages from the hotel company, on the theory that it operated the hotel, and accordingly was liable for the negligence of the automobile driver, its servant. After verdict and judgment for the plaintiffs, the defendant prosecuted this writ of error. On this review we shall discuss but

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

one matter assigned as error, and one matter not assigned; all others are resolved in favor of the plaintiffs below.

While admittedly the defendant hotel company owned the Monomonock Inn, the plaintiffs, in their case in chief, had difficulty in proving that the hotel company operated it. When the defendant came to its proofs, it introduced in evidence a contract between the hotel company and Albert A. LeRoy, which sharply raised the question of hotel operation. Summarized, this contract showed that LeRoy managed the hotel, hired the help, made the purchases and the disbursements along certain lines, and eventually divided the net profits, if any, equally between the hotel company and himself; the losses, if any, being borne wholly by the hotel company. Thereafter the question who operated the hotel, whether the hotel company or LeRoy, became the principal question in the case. To prove that the inn was operated by the defendant hotel company, and was liable for the negligence of its servants, certain letters written by its president, acting also as its counsel, addressed to counsel for the plaintiffs, in correspondence dealing solely with a compromise and settlement for the injury, were offered in evidence by the plaintiffs, and, after eliminating the sum therein offered in settlement, were read to the jury and admitted over the objection of the defendant. On these letters counsel for the plaintiffs based a searching and extended cross-examination of the president of the defendant company, the principal witness for the defense.

[1] Near the end of the trial counsel for the plaintiffs evidently realized the danger of this evidence on appeal, and, although it is not disclosed by the record, they state in their brief that the letters were withdrawn and "never reached the eyes of the jurors." But the letters had been read in their hearing, and the cross-examination of a witness had been based upon them, and their contents (save the figures of the proposed settlement) were as much in the minds of the jurors as though the letters had remained in the record. Moreover, the learned trial judge, when he charged the jury, did not treat the letters as having been withdrawn, but discussed them particularly with reference to the failure of the writer to protest liability of the company for which he was writing. Did the admission of this evidence involve error?

[2] Doubtless these letters were admitted under the New Jersey rule found in Richardson v. International Pottery Co., 63 N. J. Law, 248, 249, 43 Atl. 692. There the court quoted from Greenleaf on Evidence, § 192, to the effect that:

"Confidential overtures of pacification and other offers or propositions between litigating parties, expressly stated to be made without prejudice, are excluded on the grounds of public policy."

Then the court enlarged this rule by transposing the phraseology and making it read that:

"*Unless* it is expressly stated that they are made without prejudice, or unless the party making them has been led to believe by the conduct of the adversary that a compromise may probably be effected, such admissions are competent."

[3] We have nothing to say about this rule, except that it is not applicable as a rule of evidence in federal courts, for the federal court rule has been several times announced by the Supreme Court of the

United States. In this respect the Supreme Court, speaking in direct opposition to the New Jersey rule, has said:

"Decided cases may be found where it is said that the evidence is admissible unless the offer made was stated to be without prejudice; but the rule in general, both in England and the United States, is that the offer will be presumed to have been made without prejudice, if it was plainly an offer of compromise." West v. Smith, 101 U. S. 263, 273 (25 L. Ed. 809); Home Insurance Co. v. Baltimore Warehouse Co., 93 U. S. 527, 548 (23 L. Ed. 868).

[4] The letters admitted in evidence contain no admissions of the defendant's liability, except as such may be inferred from its proposition to settle the case. All they contain are offers to buy peace; they contain nothing which could be separated from the offer. Home Insurance Co. v. Baltimore Warehouse Co., supra. If every offer to buy peace could be used as evidence against him who presents it, then the policy of the law which favors the settlement of disputes would never be attained.

"For this reason unaccepted offers to compromise claims or to purchase peace are inadmissible in evidence at the trial of controversies over the claims to which they appertain, and should not be permitted to affect the rights of the parties, or to influence the results of the trials." Moffitt-West Drug Co. v. Byrd, 92 Fed. 290, 292, 34 C. C. A. 351, 353.

On this law we are of opinion that prejudicial error was involved in admitting the letters in evidence.

Aside from the error of law we have discussed there is another matter which, though not raised by assignment, we notice and feel constrained to mention. It has to do with the tenor of the trial, or the direction it took, or was permitted to take, not by force of the testimony, but by reason of the atmosphere early becoming charged with feeling against the defendant, and continuing throughout, from the prejudicial effect of which the defendant could not escape. Whatever may have been the provocation, it is of no moment when compared with the right of the defendant to have its case tried unaffected thereby.

For this reason, as well as for the other, we are of opinion that the judgment below should be reversed, and a new trial awarded.