P. N. HEILEG *et al. v.* I. A. DUMAS *et al.*

Evidence of the friendly feeling existing between two of the joint obligors of a bond offered for the purpose of proving that one of them, who denied the fact, signed the same, is inadmissible.

CIVIL ACTION, tried before *Cloud, J.,* at the Spring Term, 1873, of the Superior Court of DAVIDSON county.

Action of covenant originally brought (under the old system) to the Superior Court of Rowan county, from whence it was removed to Davidson, and there tried upon the plea of *non est factum* as to the defendant, Dumas.

The bond declared was in the words following:

"One day after date, we, Angus Martin, Isham Dumas and A. H. Sanders as principals, and Parson Harris and Thomas L. Colton as surieties, promise to pay Sarah Heileg fifteen hundred dollars in gold coin, for value received.

"July 25th, 1859.

"A. MARTIN,     (SEAL.)
"A. H. SANDERS, (SEAL.)
"I. A. DUMAS,   (SEAL.)
"T. L. COLTON,  (SEAL.)
"P. HARRIS,     (SEAL.)"

Defendant, Dumas, was the only one of the parties who denied the execution of the bond, and the only issue submitted to the jury was as to his signature.

In behalf of the plaintiff, five witnesses were examined, who testified that they knew the handwriting of the defendant, Dumas, and the signature to the bond sued on, was in his own proper hand, and was genuine.

For the defendant, six witnesses swore that they were acquainted with the handwriting of Dumas, and that the signature to the bond, purporting to be his, was not his handwriting.

On the examination of Sanders, a witness and defendant,

it was proposed to prove the execution of the note by all the other signers, except Dumas. Objected to by Dumas, but received by the Court, whereupon he excepted.

Plaintiff further offered to prove by Sanders that only the name of Angus Martin was signed to said note when he, the witness, signed it. To this defendant, Dumas, again objected. The Court received the evidence, and he accepted.

On the cross examination of the witness, Patterson, who had testified, that in his opinion, the signature purporting to be Dumas' was written by some one, who at the time was nervous, and who was examined after the deposition of Dumas himself, denying the genuineness of the signature was read, it was proposed by the plaintiff to prove by him, from reputation, that Dumas was a free drinker. This evidence being objected to, and received by the Court, defendant, Dumas, excepted.

Plaintiff further proved by Patterson; who is a physician, that the sudden cessation from drinking spirits by a person accustomed to it, or a free drinker, would have the effect of making him nervous. The introduction of this evidence was objected to by defendant, but was received by the Court. Dumas again excepted.

By the defendant, Sanders, the plaintiff proved that the signers of the bond, at the time of its execution, other than the defendant, Dumas, were men of wealth. To the reception of this evidence by the Court, Dumas objected, and excepted.

By the same witness the plaintiff was allowed by the Court, after objection, to prove that Dumas and the defendant, Angus Martin, at the time of the execution of the bond, were friendly and on the best of terms. Defendant, Dumas, again excepted. This witness also stated, after objection noted, that the bond was brought to him to sign by the said Martin. Again excepted to.

The deposition of Dumas, taken *de bene epe*, was allowed

to be read, his inability to attend the trial being first established, and his counsel in commenting upon the same, called the attention of the jury to the signature to the deposition, and proposed for the jury to notice the difference. He was stopped by his Honor, when the counsel insisted that the exclusion of comparison of handwriting did not apply to any writing which had been introduced in evidence; at least did not apply to the right of jury to compare. His Honor being of a different opinion, decided the points against the defendant, and did not permit the jury to have the deposition. Dumas again excepted.

His Honor charged the jury that there was but one issue for them to try, and that was, whether Dumus signed the bond in question; that the evidence was conflicting, and they must determine the matter by weight of evidence, and in so doing they were not bound by the number of witnesses. If they saw fit they could believe three of plaintiff's witnesses against six of defendants. Having recapitulated the evidence, his Honor stated to the jury that if the weight of the evidence was on the side of the plaintiff, they should find for the plaintiff; if on the contrary, it was on the side of the defendant, they should find for the defendant. If, in the opinion of the jury, the evidence is equally balanced, the plaintiff fails to make out his case, and your verdict will be for defendant. To this charge the defendant, Dumas, excepted.

There was a verdict for the plaintiff; rule for a new trial; rule discharged. Judgment and appeal.

*Fowle* and *Bailey,* for appellant:

I. It was allowed to be shown, despite the objection of defendant and the opinion of this Court in *Heileg* v. *Dumas,* 65 N. C. Rep. 214, that defendant, Dumas, and Angus Martin. whose name is signed first to the note were friendly—

" on the best of terms," as the witness expressed it. It is submitted that the case referred to is decisive of this the sixth point in order, and it is therefore transferred.

II. 3d point. Dr. Patterson, after he had testified that the signature in question was a forgery, stated that the signature looked as if made by a nervous man.

He was then permitted by the Court to state that Dumas had the reputation of being a free drinker.

We submit that such an inquiry, even as to the fact, was calculated to mislead the jury, and is rendered doubly obtionable when proved by *reputation*.

The same point conversely stated was decided in *Beal* v. *Robeson*, 8 Ired. 276.

In civil actions evidence of character of parties is not admissible unless put directly in issue by the nature of the proceeding. *McRae* v. *Lilly*, 2 Ired., 118; *Bottoms* v. *Kent*, 3 Jones 154.

III. 1st point. Admission of proof as to the genuineness of the other signatures, the only issue being as to that of Dumas, and fifth point that the other signers were men of wealth may be considered together.

Neither circumstance tended to prove that Dumas signed, and it has long been settled that it is error to receive evidence irrelevant which is calculated to mislead or prejudice the minds of the jury. *State* v. *Arnold*, 13 Ired. 184.

The cases of *Holmesley* v. *Hogue*, 2 Jones, 391, and *Jenkins* v. *Troutman*, 7 Jones 169 at p. 173, are illustrative of this rule.

IV. The 1st, 5th and 4th points. That Dr. Patterson was allowed to express an opinion that the sudden cessation in the use of ardent spirits by a free drinker would have the effect to render him nervous may be considered together as inadmissible on the ground that at best such evidence could only raise a mere conjecture that Dumas signed the note. 1. That before signing he had been drinking hard. 2. That

about that time he had suddenly ceased, thus mounting conjecture upon conjecture without evidence of either fact.

This Court has repeatedly held that such evidence is inadmissible and its reception error, of which parties have a right to complain. *Sutton* v. *Madre,* 2 Jones 320 ; *Matthis* v. *Matthis,* 3 Jones 132.

*McCorkle,* contra.

I. The Judge below did not err in receiving the evidence that defendant had the reputation of being a free drinker. The witness to whom this question was put, had testified that in his opinion the signature purporting to be that of defendant's, was written by a man who was nervous; then it became pertinent to inquire into the habits of defendant as to drinking spirits, because it would be a circumstance for the jury to consider, whether defendant when under a nervous excitement from drinking, had not executed the note ; besides, prior to the examination of the witness, Patterson, the deposition of the defendant had been read, and his whole character was the *legitimate subject of inquiry.*

II. It was competent also to prove the intimacy existing between Martin, who was according to the evidence of the defendant, Sanders, the principal of the note sued on, and defendant ; it was a strong circumstance tending to show there was nothing unreasonable in the defendant's executing the note ; and for the same reason it was competent to show that all the parties to the note were solvent at the time of the execution. It is not reasonable to suppose that three or more solvent men would commit forgery to procure the signature of one whose name could add but little if anything to the security of the note.

III. To have allowed defendant's counsel to have exhibited to the jury the note sued on, together with the signature of the defendant to the deposition, and let the jury

form their opinion from such evidence, was liable to the objection that it was an effort to compare handwritings, which is incompetent; but to the further objection that it would have been equivalent to defendant's making evidence for himself. Exhibit such a signature as he might make to the deposition *ante motam litem*, with the note sued on. If this is competent, what would be incompetent?

IV. The Judge charged the jury that they must be governed by the weight of the evidence, and defendant cannot complain that his Honor instructed them that they were not necessarily in making up their verdict as to the weight of evidence to be governed solely by the number of witnesses on either side. This was competent, because otherwise he who offers the most witnesses who testify to the same matter must prevail over his adversary who offers a less number of witnesses, whose intelligence, means of forming an opinion, and freedom from bias, is far superior to that of the witnesses offered adversely. It is the credit due to evidence offered, to the facts proven, which the jury are to consider, and not the number of witnesses offered.

READE, J. This case has been before us heretofore, 65 N. C. Rep. 214. And one of the exceptions in the case then is precisely the sixth exception in the case before us now, to-wit: that in order to show that the defendant, Dumas, signed the bond, the plaintiff was allowed to show that Dumas and Martin, another obligor in the bond, were on friendly terms. This was excepted to by the defendant, and we sustained the exception then, and of course we sustain it now.

There is error.

PER CURIAM.                    *Venire de novo.*