IN RE WILL OF J. J. PARKER.

(Filed 11 March, 1914.)

1. Appeal—Brief—Exceptions Abandoned.

Exceptions not brought forward in appellant's brief are deemed abandoned on appeal. Rule 34.

2. Wills—Mental Capacity—Evidence—Appeal and Error—Harmless Error.

In an action to caveat a will, the witness's answer to a question directed to the mental capacity of the testator, who had devised his property to one not related to him, that he did not think the testator "meant for his folks to have any of his property, from the way he talked, and that he had sense when he was around, so far as he knew," is held competent under the rules laid down in *McLeary v. Norment*, 84 N. C., 235; but if otherwise, it was not reversible error in this case.

3. Wills—Undue Influence—Evidence.

Where the beneficiary and the testator are not related, and the evidence discloses that the latter sent for the former when the will was written, who at his request sent for the attorney who drew the will and for the witnesses thereto; that there was no relationship of confidence or trust except that the testator looked to him in time of need, and that he lived alone, neglected by his kinsmen, it is not sufficient to be submitted to the jury upon the question of undue influence.

APPEAL by caveator from *Whedbee, J.*, at November Term, 1913, of PITT.

This is an action to caveat a will for mental incapacity of the testator, and for undue influence.

*W. F. Evans and Harding & Peirce for propounder.*
*Julius Brown and H. S. Ward for caveator.*

CLARK, C. J. The first and second exceptions are abandoned, not being brought forward in the brief. Rule 34.

Exceptions 3 and 4 are to the following question and answer: "What would you say as to his having a clear understanding of the nature of the business in which he was engaged, of the kind and the value of the property which he held, and the persons who are the natural objects of his bounty, and the nature in which he desired his property to be distributed? State if you think he had that mental capacity?" To which he replied: "I don't think he meant for his folks to have any of it, from the way he talked; he had sense when I was around, as far as I know."

While the answer was crude, it was not of such import as to influence the jury, nor of such gravity as to amount to a reversible error; indeed, it was competent under the rules laid down in *McLeary v. Norment,* 84 N. C., 235.

The 5th, 6th, 11th, and 12th exceptions are to the charge of the court, in that he restricted the caveator's attack to a lack of mental capacity, and did not submit to the jury the aspect of undue influence. A careful consideration shows no testimony tending to prove undue influence and no exception to any exclusion of testimony in that view. The caveators admitted that the will was duly signed in the presence of two witnesses, and placed their attack on the ground of mental incapacity. The testator lived alone, neglected by his kinsmen, and the propounder seems to have been the person to whom he looked for aid in time of need, but there is no evidence that he occupied any fiduciary relation to the testator. The testator on the day the will was made, early in the morning, sent a servant to the propounder, asking him to come to his house. The propounder knew nothing as to why he was wanted until his arrival, and

then at the request of the testator he went for an attorney and some witnesses. The attendant circumstances show no element of undue influence. Indeed, the caveator asked for no instruction as to undue influence, and tendered no issue. It is true that in *Fowler's case,* 159 N. C., 203, it was held that a submission of an issue of that kind is not necessary; yet the failure to ask any instruction on that point confirms our view of the evidence.

The other exceptions do not require discussion.

No error.