### PHILIP N. FEREBEE v. W. S. BERRY.

(Filed 17 February, 1915.)

1. **Appeal and Error—Evidence—Measure of Damages—Harmless Error.**

   Error committed on the trial which has worked no wrong or prejudice to the appellant will not constitute reversible error on appeal; and where it appears, by the verdict, in an action for damages for breach of contract for the delivery of goods sold, that the jury has accepted the figures testified to by the defendant upon the measure of damages, the plaintiff's evidence thereof, though incompetent, cannot be a sufficient ground for awarding a new trial on the defendant's appeal.

2. **Vendor and Purchaser—Contract—Delivery—Measure of Damages—Evidence—Market—Quotations.**

   In an action against the seller of several hundred barrels of potatoes, for a breach of contract in failing to deliver them, it is competent, upon the measure of damages, for the plaintiff, as a witness, to give his opinion of the price of the potatoes, based on information delivered from competent sources, such as market reports published in newspapers relied on by the financial world, etc., and his testimony that the potatoes were worth at least $3 or more a barrel is competent as to the value definitely stated.

3. **Appeal and Error—Questions and Answers—Responsive Answers—Objections and Exceptions.**

   The Supreme Court will not consider on appeal the responsiveness of answers to questions asked a witness, when not objected to by the appellant on the trial of the case.

APPEAL by defendant from *Carter, J.,* at September Term, 1914, of CURRITUCK.

This action was brought by the plaintiff to recover damages for a breach of a contract to sell and deliver to him three hundred barrels in which to pack and ship his crop of potatoes. He alleges that by reason of the breach he sustained a loss of $500 by a decline in the price of potatoes. The jury assessed his damages at $100, and from a judgment upon the verdict the defendant appealed.

*Ward & Thompson for plaintiff.*
*Aydlett & Simpson for defendant.*

WALKER, J., after stating the case: The only exceptions relate to the admission of evidence as to the market value of the potatoes and the fall in the price, but upon an examination of the case we find that the jury have really awarded less damages than were warranted by the defendant's own testimony in regard to this matter, and, therefore, if error was committed, which we do not concede, it was harmless. He cannot reasonably complain that the jury has accepted and acted upon his own figures and has even given less than they would justify for the delay in delivering two hundred of the barrels and the refusal to deliver the other hundred. We have recently said that if the error has worked no wrong or prejudice to the appellant, it would be vain to reverse the judgment. To quote the language in *S. v. Smith,* 164 N. C., at p. 480, which is very pertinent to this question: "The foundation of the application for a new trial is the allegation of injustice, and the motion is for relief. Unless, therefore, some wrong has been suffered, there is nothing to be relieved against. The injury must be positive and tangible, not theoretical merely. For instance, the simple fact of defeat is, in one sense, injurious, for it wounds the feelings. But this alone is not sufficient ground for a new trial. It does not necessarily involve *loss* of any kind, and without loss or the probability of loss there can be no new trial. The complaining party asks for redress, for the restoration of rights which have first been infringed and then taken away. There must be, then, a probability of repairing the injury; otherwise the interference of the Court would be but nugatory. There must be a reasonable prospect of placing the party who asks for a new trial in a better position than the one which he occupies by the verdict. If he obtain a new trial, he must incur additional expense, and if there is no corresponding benefit, he is still the sufferer. Besides, courts are instituted to enforce right and restrain and punish wrong. Their time is too valuable for them to interpose their remedial power idly and to no purpose. They will not interfere, therefore, where there is no prospect of ultimate benefit." See, also, *Webb v. Tel. Co.,* 167 N. C., 483. It was proper for the plaintiff, testifying in his own behalf, to state his opinion of the price, which was based on information derived from competent sources. 16 Cyc., 1142, 1143; *Smith v. R. R.,* 68 N. C., 107; *Fairley v. Smith,* 87 N. C., 367; *Suttle v. Falls,* 98 N. C., 393. And market reports, properly compiled and published in such newspapers as the commercial world relies on in the conduct of business and important affairs, are admissible as evidence of market values. *Moseley v. Johnson,* 144 N. C., 257. It was not required that plaintiff should be exact in stating the market price. He testified that potatoes were selling for more than $3 per barrel. This fixed the price, at least, at $3, and was properly submitted to the jury. The answer of W. O. Ferebee was not responsive to the question put to him,

and if the answer was incompetent, there was no exception to it, as there should have been. *Peyton v. Shoe Co.,* 167 N. C., 280. But the answer, of itself, appears to be unobjectionable, as we must infer from the form and substance of the answer that the witness was speaking of his own knowledge. But, as we have said, if there was error in any of the rulings upon the evidence, no harm has befallen the defendant, as the verdict is correct in any view of the evidence, and it seems to fall below the amount which the undisputed facts justified.

No error.