OLIVER D. LANDIS v. SAM GITTLIN, T/A GITTLIN CHARLOTTE BAG COMPANY.

(Filed 24 November, 1948.)

**1. Evidence § 37—**

Where notice to produce certain designated documents is served on defendant in time for defendant to procure and produce the documents at the trial, defendant cannot complain of the admission of secondary evidence in proof of their contents upon his failure to produce the documents.

**2. Appeal and Error § 39e—**

Any error in the admission of evidence over objection is cured by the later admission of like testimony of the same witnesses without objection.

**3. Evidence §§ 37, 41—**

Testimony by plaintiff as to statements he had made to defendant as to the contents of certain documents, which defendant did not deny, is not incompetent either as secondary proof of the written instruments or under the hearsay rule.

APPEAL by defendant from *Coggin, Special Judge,* June Term, 1948, MECKLENBURG. No error.

Civil action to recover commissions alleged to be due under a sales agency contract.

On 19 November 1945 the defendant, by written agreement, constituted plaintiff selling agent for defendant "and all its subsidiaries" with authority to "sell a line of cotton wrappers to the Textile Mills, for and on behalf of the Gittlin Charlotte Bag Company and all its subsidiaries." The written contract does not specify the terms of the employment. Instead, it is devoted almost entirely to provisions binding plaintiff not to

enter into the employment of any other person or corporation "in any business within the Southeastern United States."

Plaintiff alleges that there was a contemporaneous oral agreement supplementing the written contract by the terms of which defendant agreed to pay him a commission of 5% "on all sales that he made, or on any orders that were sent in direct to the defendants from a customer whom plaintiff had secured." He alleges further that he procured the Spartan Mills as a customer; that it sent in reorders in an amount sufficient to entitle him to $1250 in commissions; that other customers procured by him sent in reorders upon which he is entitled to commissions in the amount of at least $1000; and that defendant has failed and refused to pay said commissions now due him.

The defendant, in his answer, admits the written and oral contracts, but alleges that the oral contract was "to pay plaintiff commission on orders secured, received and forwarded to defendant by plaintiff." He does not deny that the alleged reorders were sent in and received by it as alleged, but denies that he agreed to pay any commission thereon or is indebted to plaintiff in any amount by reason thereof.

In the trial below, issues were submitted to and answered by the jury as follows:

"1. By the terms of the contract between the plaintiff and defendant, was the plaintiff to receive commissions for re-orders sent directly to the defendant by the purchaser, as alleged in the plaintiff's complaint?

"Answer: Yes.

"2. What amount, if any, is the defendant indebted to the plaintiff?

"Answer: $1,250.00."

From judgment on the verdict defendant appealed.

*G. T. Carswell and Warren C. Stack for plaintiff appellee.*
*Wm. M. Nicholson and Porter B. Byrum for defendant appellant.*

BARNHILL, J. This cause was called for trial on 7 June 1948. Prior thereto, on 4 June, plaintiff had served on defendant notice to produce at the trial certain specifically designated orders received from Spartan Mills and orders received from certain other mills. When he was called upon at the trial to produce these invoices pursuant to the notice, defendant declined to do so on the grounds the orders were at the home office in Newark, N. J., and the notice to produce allowed insufficient time for the production thereof. The court ruled the notice sufficient and held that defendant's failure to produce rendered secondary evidence thereof competent. In this there was no error.

These were the original records concerning the subject matter of the action. Plaintiff had long before called defendant's attention thereto as

the basis of his claim. Defendant at no time denied their existence or the substance of their contents. If he did not have them available at the trial in support of his defense, he cannot now complain that the court permitted secondary evidence in proof of their contents.

Furthermore, plaintiff was permitted to give in evidence the number, date, and quantity of each reorder he contends was sent in by the Spartan Mills. The admission of this evidence from the same witness without objection cured the former error, if error it was. *Bryant v. Reedy*, 214 N. C. 748, 200 S. E. 896; *Leonard v. Insurance Co.*, 212 N. C. 151, 193 S. E. 166; *McClamroch v. Ice Co.*, 217 N. C. 106, 6 S. E. (2) 850; *Davis v. Davis*, 228 N. C. 48.

The plaintiff was permitted to testify concerning the contents of invoices which were not produced. But his testimony in respect to the contents of these invoices was offered in the form of statements made by him to the defendant. He told the defendant he had been to Spartan Mills and had been shown the reorders and he gave defendant detailed information as to their contents which defendant did not deny. This testimony was not incompetent either as secondary proof of written instruments or under the hearsay rule. *S. v. Dilliard*, 223 N. C. 446, 27 S. E. (2) 85. It was admissible without proof of prior notice to produce the original orders.

In the final analysis, this case was essentially one of fact. The plaintiff offered evidence of an oral contract to pay him 5% commissions on all reorders sent in by customers secured by him. He likewise offered testimony of reorders from the Spartan Mills sufficient in amount to entitle him to commissions in the sum of $1,250. The defendant did not at any time deny the amount of these reorders. He was content to deny the contract to pay commissions thereon.

The jury, in a trial free from error, has rendered its verdict on the conflicting testimony in favor of the plaintiff. The verdict and the judgment thereon must be sustained.

No error.