76 S.E.2d 326 (1953)
238 N.C. 42
HUNT
v.
WOOTEN et al.
No. 383.
Supreme Court of North Carolina.
June 12, 1953.
*327 *328 Thos. J. White, Kinston, for the plaintiff, appellee.
Sutton & Greene, Kinston, for the defendants, appellants.
ERVIN, Justice.
The defendants concede with commendable candor the sufficiency of the plaintiff's evidence to make out a case of actionable negligence on their part. They lay claim to a new trial, however, on the ground that the presiding judge committed reversible error in admitting testimony, in failing to submit an issue of contributory negligence, and in charging the jury.
As a general rule, an appellant must establish these three propositions by the case on appeal to obtain a new trial for error of the trial judge in admitting evidence:
1. That he objected to the admission of the evidence in the trial court. Carpenter v. Boyles, 213 N.C. 432, 196 S.E. 850; Ferebee v. Berry, 168 N.C. 281, 84 S.E. 262; Sykes v. Everett, 167 N.C. 600, 83 S.E. 585, 4 A.L.R. 751; Peyton v. Hamilton-Brown Shoe Co., 167 N.C. 280, 83 S.E. 487; Hooper v. Hooper, 165 N.C. 605, 81 S.E. 933.
2. That the evidence was inadmissible in law because it was incompetent (Ballard v. Ballard, 230 N.C. 629, 55 S.E.2d 316; Robbins v. Alexander, 219 N.C. 475, 14 S.E. 2d 425), or immaterial (Sprout, Waldron & Co. v. Ward, 181 N.C. 372, 107 S.E. 214; Heileg v. Dumas, 69 N.C. 206; Devries v. Phillips, 63 N.C. 207; Madden v. Porterfield, 53 N.C. 166; Adams v. Clark, 53 N.C. 56), or irrelevant, State ex rel. Freeman v. Ponder, 234 N.C. 294, 67 S.E.2d 292.
3. That the evidence was prejudicial to his cause of action or defense. Collins v. Lamb, 215 N.C. 719, 2 S.E.2d 863; Williams v. Charles Stores Co., Inc., 209 N.C. 591, 184 S.E. 496; Rierson v. Carolina Steel & Iron Co., 184 N.C. 363, 114 S.E. 467; Jenkins v. Long, 170 N.C. 269, 87 S.E. 47; Morgan v. Royal Fraternal Association, 170 N.C. 75, 86 S.E. 975; In re Rawlings' Will, 170 N.C. 58, 86 S.E. 794; Lupton v. Southern Express Co., 169 N.C. 671, 86 S.E. 614; *329 Atlantic Fruit Distributors v. Foster, 169 N.C. 39, 85 S.E. 130; Hodges v. Wilson, 165 N.C. 323, 81 S.E. 340; In re Will of Parker, 165 N.C. 130, 80 S.E. 1057.
This general rule is subject to an exception not germane to the instant case. Presnell v. Garrison, 122 N.C. 595, 29 S.E. 839; Hooper v. Hooper, supra.
The defendants have no legal ground for their present complaint that the presiding judge erred in admitting the opinion evidence of the plaintiff's witness J. C. Grady in relation to the effect of the depletion of the battery upon the headlights of an Oldsmobile car similar to the one involved in the accident. This is true because they did not object at the trial to the admission of this evidence. When the case on appeal is read aright, it appears that the defendants took only two objections during the examination of Grady. One of them was addressed to the preliminary finding of fact of the presiding judge that Grady was competent to testify as an expert in respect to automobile batteries. The other was directed to an unanswered question put to Grady by counsel for plaintiff. The finding of the presiding judge as to the competency of Grady to testify as an expert was sustained by evidence at the trial, and in consequence is not subject to attack on this appeal. State v. Cofer, 205 N.C. 653, 172 S.E. 176; Nance v. Merchants' Fertilizer & Phosphate Co., 200 N.C. 702, 158 S.E. 486; Rangely v. Harris, 165 N.C. 358, 81 S.E. 346; Horne v. Consolidated R. Light & Power Co., 144 N.C. 375, 57 S.E. 19; Allen v. Durham Traction Co., 144 N.C. 288, 56 S.E. 942; Geer v. Durham Water Co., 127 N.C. 349, 37 S.E. 474.
The defendants also assign as error rulings of the presiding judge allowing one of the plaintiffs attending physicians, Dr. Oscar W. Crantz, to express his opinion as to what percentage of the plaintiff's face was disfigured by her injuries; letting the plaintiff's aunt, Mrs. M. H. Clayton, point out to the jury places where implanted skin had been grafted upon the plaintiff's face to minimize the disfigurement resulting from her injuries; permitting the plaintiff to exhibit in court as demonstrative or real evidence the hydrant struck by the Oldsmobile; and receiving in evidence the mortuary tables embodied in G.S. § 8-46, the annuity tables incorporated in G.S. § 8-47, photographs of the plaintiff taken before and after the injury, and a photograph of the hydrant.
The testimony of Dr. Crantz and Mrs. Clayton was rightly received under the rule that in an action to recover damages for a personal injury tortiously inflicted, evidence as to the physical condition of the injured plaintiff both before and after the injury is admissible to show the character extent, and probable effect of the injury. Solomon v. Koontz, 189 N.C. 837, 127 S.E. 516; Jordan v. Interurban Motor Lines, 182 N.C. 559, 109 S.E. 566; Bowen v. Seaboard Air Line Ry., 147 N.C. 136, 60 S.E. 898; 25 C.J.S., Damages, § 147. Dr. Crantz was a medical expert testifying to matters within his personal knowledge. Spivey v. Newman, infra; Williams v. Charles Stores Co., Inc., supra. Mrs. Clayton was merely describing the physical appearance of the injured plaintiff as observed by a nonexpert or lay witness. Bowen v. Seaboard Air Line Ry., supra; 32 C.J.S., Evidence, §§ 467, 513.
The testimony tended to show that the plaintiff's injuries are permanent in character. This being true, it was proper for the presiding judge to permit the plaintiff to introduce and the jury to consider the mortuary tables embodied in G.S. § 8-46. Bullock v. Williams, 212 N.C. 113, 193 S.E. 170; Hubbard v. Southern R. Co., 203 N.C. 675, 166 S.E. 802; Odom v. Canfield Lumber Co., 173 N.C. 134, 91 S.E. 716; Sledge v. Weldon Lumber Co., 140 N.C. 459, 53 S.E. 295; Georgia Automatic Gas Co. v. Fowler, 77 Ga.App. 675, 49 S.E.2d 550; Avance v. Thompson, 387 Ill. 77, 55 N.E.2d 57; Louisville, N. A. & C. R. Co. v. Miller, 141 Ind. 533, 37 N.E. 343; Fournier v. Zinn, 257 Mass. 575, 154 N.E. 268; Banks v. Braman, 195 Mass. 97, 80 N.E. 799; Daniels v. Boston & M. R. Co., 184 Mass. 337, 68 N.E. 337. The presiding judge instructed the jury in conformity with approved precedents that the mortuary tables are merely evidentiary on the question of expectancy. Bullock v. Williams, *330 supra; Odom v. Canfield Lumber Co., supra.
The plaintiff's witness Frank Crary identified the hydrant offered in evidence as the hydrant struck by the Oldsmobile, and testified with positiveness that the hydrant had not been altered in any way since the accident. This being so, the presiding judge did not err in permitting the jury to inspect the hydrant. The inspection of this object was calculated to enable the jury to understand the evidence, and to realize more completely its cogency and force. State v. Rogers, 233 N.C. 390, 64 S.E.2d 572, 28 A.L.R.2d 1104; State v. Speller, 230 N.C. 345, 53 S.E.2d 294.
The photographs of the plaintiff antedating and following the injury were rightly received in evidence under the rule that whenever it is relevant to describe a person, photographs of such person are admissible for the purpose of explaining the evidence of the witnesses relating to his appearance and aiding the jury in understanding such evidence. Queen City Coach Co. v. Lee, 218 N.C. 320, 11 S.E.2d 341; Davis v. Seaboard Air Line Railroad Co., 136 N.C. 115, 48 S.E. 591. The photographers and other witnesses testified that the photographs were accurate likenesses of the plaintiff at the times they were taken. White v. Hines, 182 N.C. 275, 109 S.E. 31; Bane v. Atlantic Coast Line R. Co., 171 N.C. 328, 88 S.E. 477. The presiding judge gave the jury the customary instruction that the photographs were not admitted as original or substantive evidence, but were received solely for the purpose of enabling the witnesses to explain, and the jury to understand, the testimony. State v. Rogers, supra; Carolina Coach Co. v. Central Motor Lines, 229 N.C. 650, 50 S.E.2d 909; State v. Gardner, 228 N.C. 567, 46 S.E.2d 824; Pearson v. Luther, 212 N.C. 412, 193 S.E. 739; Kelly v. Raleigh Granite Co., 200 N.C. 326, 156 S.E. 517; Huneycutt v. Cherokee Brick Co., 196 N.C. 556, 146 S.E. 227; Elliott v. Tallassee Power Co., 190 N.C. 62, 128 S.E. 730; State v. Jones, 175 N.C. 709, 95 S.E. 576; Hoyle v. City of Hickory, 167 N.C. 619, 83 S.E. 738; Pickett v. Atlantic Coast Line R. Co., 153 N.C. 148, 69 S.E. 8.
The photograph of the hydrant was taken at the scene of the accident six months after that event occurred. The evidence disclosed that the plaintiff's witness Frank Crary removed the hydrant shortly after the accident and replaced it just before it was photographed. Notwithstanding this evidence, the trial judge did not err in admitting the photograph of the hydrant, which was verified by its maker, for the limited purpose sanctioned by the decisions cited above. This is true because Crary testified that when he replaced the hydrant, it was in the identical position occupied by it immediately after the accident. Posed photographs of the reconstructed scene of an accident are admissible where such photographs are properly identified by a witness as being accurate representations of the conditions at the scene as he saw them at the time in issue. Jewel Tea Co. v. McCrary, 197 Ark. 294, 122 S.W. 2d 534; Reed v. Davidson Drug Co., 97 Colo. 462, 50 P.2d 532; State v. Ebelsheiser, 242 Iowa 49, 43 N.W.2d 706, 19 A.L.R.2d 865; Lewis v. Chicago Great Western R. Co., 155 Minn. 381, 193 N.W. 695; Favre v. Louisville & N. R. Co., 180 Miss. 843, 178 So. 327; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Bailey v. Greeley General Warehouse Co., Ohio App., 83 N.E.2d 244; Dofner v. Branard, Tex.Civ.App., 236 S.W.2d 544; Thayer v. Glynn, 93 Vt. 257, 106 A. 834; Farmer v. School Dist. No. 214, King County, 171 Wash. 278, 17 P.2d 899, 115 A.L.R. 1171.
This brings us to the assignment of error based on the admission in evidence of the annuity tables incorporated in G.S. § 8-47. These tables have no place in an action to recover damages for personal injuries tortiously inflicted for the very simple reason that the action does not involve the establishment of the present worth of an annuity to any person. Brown v. Lipe, 210 N.C. 199, 185 S.E. 681; Poe v. Raleigh & A. Air Line Railroad Co., 141 N.C. 525, 54 S.E. 406. The only mention of the annuity tables in the entire case on appeal is that appearing by implication only in this rather ambiguous recitation: "The plaintiff offered in evidence the mortuary or life tables, G.S. §§ 8-46 and 8-47." It *331 is obvious that counsel for the plaintiff merely intended to offer in evidence the mortuary tables embodied in G.S. § 8-46, and that his reference to G.S. § 8-47 was a mere inadvertence. It is likwise obvious that the presiding judge understood that counsel for the plaintiff was merely offering in evidence the mortuary tables embodied in G.S. § 8-47. He made no mention of the annuity tables in his charge to the jury. When it is read aright in its entirety, the case on appeal compels the conclusion that the jurors were not advised at any time as to the contents of the annuity tables, and that they did not consider the annuity tables in any way in reaching their verdict. This being so, the defendants have failed to establish by the case on appeal that the offering and receiving of the annuity tables was prejudicial to their defense. Freeman v. Ponder, supra; Dellinger v. Elliott Building Co., 187 N.C. 845, 123 S. E. 78.
The defendants duly objected at the trial to the admission of the testimony of the plaintiff's mother, Mrs. Augusta H. Hunt, concerning her instructions to the plaintiff as to the time for returning home at night, and the testimony of the plaintiff's aunt, Mrs. M. H. Clayton, respecting the plaintiff's difficulties as a student during the scholastic year next succeeding the accident. They waived these objections, however, by allowing these witnesses to testify to virtually the same facts without objection in other portions of their examinations. The like observation applies to the objection to the admission of the testimony of the defendant John F. Wooten, Sr., which was drawn out by counsel for plaintiff on cross examination, that he replaced the damaged Oldsmobile with a Cadillac. The defendants lost the benefit of this objection by permitting counsel for plaintiff to elicit the same evidence from John F. Wooten, Sr., a second time without objection. Spivey v. Newman, 232 N.C. 281, 59 S.E.2d 844; White v. Disher, 232 N.C. 260, 59 S. E.2d 798; Landis v. Gittlin, 229 N.C. 521, 50 S.E.2d 298; Lambert v. Caronna, 206 N.C. 616, 175 S.E. 303; Bateman v. Brooks, 204 N.C. 176, 167 S.E. 627; Colvard v. Nantahala Power & Light Co., 204 N.C. 97, 167 S.E. 472; Gray v. City of High Point, 203 N.C. 756, 166 S.E. 911; Citizens' Nat. Bank v. Florida-Carolina Estates, Inc., 200 N.C. 480, 157 S.E. 424; Thompson v. Buchanan, 198 N.C. 278, 151 S.E. 861; Tilghman v. Hancock, 196 N.C. 780, 147 S.E. 300.
The defendants excepted to the refusal of the presiding judge to submit to the jury an issue of contributory negligence tendered by them.
The statute now codified as G.S. § 1-139 specifies that "In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial." The defendant must meet the two requirements of this statute to obtain the benefit of the affirmative defense of contributory negligence. The first requirement is that the defendant must specially plead in his answer an act or omission of the plaintiff constituting contributory negligence in law; and the second requirement is that the defendant must prove on the trial the act or omission of the plaintiff so pleaded. Allegation without proof and proof without allegation are equally unavailing to the defendant. Bruce v. O'Neal Flying Service, 234 N.C. 79, 66 S.E.2d 312; Rollison v. Hicks, 233 N.C. 99, 63 S.E.2d 190; Grimm v. Watson, 233 N.C. 65, 62 S.E.2d 538; Dalrymple v. Sinkoe, 230 N.C. 453, 53 S.E.2d 437; Bundy v. Powell, 229 N.C. 707, 51 S. E.2d 307; Bevan v. Carter, 210 N.C. 291, 186 S.E. 321; Ramsey v. Nash Furniture Co., 209 N.C. 165, 183 S.E. 536; Farrell v. Thomas & Howard Co., 204 N.C. 631, 169 S.E. 224; Murphy v. Carolina Power & Light Co., 196 N.C. 484, 146 S.E. 204; Moore v. Chicago Bridge & Iron Works, 183 N.C. 438, 111 S.E. 776; Kearney v. Seaboard Air Line R. Co., 177 N.C. 251, 98 S.E. 710; Fleming v. Norfolk Southern R. Co., 160 N.C. 196, 76 S.E. 212; Jeffress v. Norfolk Southern R. Co., 158 N.C. 215, 73 S.E. 1013; Wright v. Southern R. Co., 155 N.C. 325, 71 S.E. 306; Watson v. Farmer, 141 N.C. 452, 54 S.E. 419; Smith v. Southern Railroad Co., 129 N.C. 374, 40 S.E. 86; Cox v. Norfolk & C. Railroad Co., 123 N. C. 604, 31 S.E. 848; Hudson v. Charleston, C. & C. Railroad Co., 104 N.C. 491, 10 S. *332 E. 669; Wallace v. Western N. C. Railroad Co., 104 N.C. 442, 10 S.E. 552.
When the instant case is reviewed in the light of the statutory requirements, it is manifest that the presiding judge did not commit legal error in refusing to submit an issue of contributory negligence to the jury. The defendants alleged with particularity in their answer that the plaintiff was contributorily negligent in specified ways. There was, however, no evidence at the trial tending to sustain these allegations. The youthful defendant gave this testimony: "I ran off the road because she and I were kissing each other * * *. That is the only reason that I was not looking where I was going." There was, however, no mention of this incident in the answer. In the absence of appropriate allegations on the subject, the presiding judge was neither required nor permitted to leave to the jury the question whether the plaintiff distracted the attention of her host from the operation of the automobile by sharing a kiss with him and thus proximately contributed to the accident and her resultant injuries.
It was intimated on the oral argument that the defendants did not specially plead the kissing episode as contributory negligence on the part of the plaintiff because the youthful defendant did not reveal the incident to their counsel until the trial of this action was under way. His reluctance to kiss and tell is understandable. But it does not nullify the positive legislative declaration that a defendant cannot rely on an act or omission of contributory negligence unless it is pleaded as well as proved. The transcript of the record does not show any invocation of the discretionary power of the presiding judge to permit an amendment.
The assignments of error based on exceptions to the charge are untenable. The evidence was sufficient to support a finding that the injured minor plaintiff suffered a permanent physical disability, impairing her earning capacity after majority, so as to warrant the instruction that the jury should consider whether such impairment existed in passing on the question of damages. Cross v. Sharaffa, 281 Mass 329, 183 N.E. 838. The presiding judge made it plain to the jurors that they should limit any award of damages for any impairment of the plaintiff's earning power after reaching her majority to their present worth. Shipp v. United Stage Lines, 192 N.C. 475, 135 S.E. 339.
The errors apparent on the present record are human errors. We are empowered by law to correct legal errors only. In consequence, the trial and judgment must be upheld.
No error.
WINBORNE, Justice (concurring in part and dissenting in part).
In the refusal of the trial court to submit an issue as to alleged contributory negligence of plaintiff, there is, in my opinion, error, for which a new trial should be awarded.
I agree that the statute G.S. § 1-139 provides that "In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial." I also agree that it is elementary in the law of pleading and practice that here must be both allegation and proof as the statute provides. And I agree, as stated in the majority opinion that defendants have pleaded contributory negligence. But I do not agree that there was no evidence at the trial tending to sustain these allegations.
I hold that defendants have offered evidence of sufficient probative value to support the plea, and that the allegation is sufficient to embrace the kissing incident and to render evidence thereof pertinent on the issue of contributory negligence. It is provided by statute G.S. § 1-135 that the answer of defendant must contain "A statement of any new matter constituting a defense * * * in ordinary and concise language, without repetition." And McIntosh in his North Carolina Practice and Procedure, p. 487, speaking of contributory negligence, says that defendant "must plead it specially, stating the circumstances which constitute the contributory negligence". In *333 other words, it is the ultimate facts, and not evidentiary matters that have a place in the answer.
The averments on which defendants base their plea of contributory negligence are these: "6. That * * * as the automobile left the said gravel covered area and entered the said paved roadway, the plaintiff turned her body sidewise and to the left so that she was facing directly toward the said John F. Wooten, Jr., and so that her weight rested upon and along the front portion of the seat in which they were riding and engaged in animated conversation with said minor defendant in a manner which was calculated to divert and which did * * * divert his mind from the physical and mental processes of driving * * * and while the said defendant was so driving and the plaintiff was so sitting and directing her conversation to him, he suddenly discovered * * * a fire plug directly in his path and a few feet only away * * * and although the automobile was moving at a comparatively slow rate of speed * * * it was impossible to stop the said automobile before it struck the said fire plug * * *."
The ultimate fact averred is that plaintiff engaged minor defendant "in animated conversation * * * in a manner which was calculated to divert and which did * * * divert his mind from the physical and mental processes of driving * * *."
Now what is the evidence? Plaintiff testified: "I probably did state after this happened that I didn't think he (John. Jr.) was any more to blame than I was. On this particular night, just before the collision took place, I was sitting facing him, and he and I were taking very much interest in each other". (R. p. 46) Plaintiff also testified: "I was talking to him and sitting there facing him at the time of the wreck." (R. p. 48) And again, plaintiff testified: "I was conversing with him." (R. p. 117) Certainly these statements of plaintiff are some evidence that she and John, Jr. were in conversation.
Then was it an animated conversation? Defendant John, Jr., when upon the stand as a witness, testified: "Right after we got around this corner, she leaned over towards me and I leaned over slightly toward her, and we kissed. We were on the pavement at that time." (R. p. 145)
Again, on cross-examination, defendant John, Jr. was asked: "Why do you say you ran off the road?" A. "Well, er, I was occupied in other ways at the time. I wouldn't say I was kissing Dot at the time; she was kissing me. No, I wouldn't want to say that either; by mutual agreement, you might say, and it just happened * * *." (R. p. 152)
And on re-direct examination defendant John, Jr., concluded: "I thought I was headed straight down the road. And Miss Dorothy leaned over to me, and I leaned towards her, too, and we kissed together; each one kissed the other. And I looked back again and the hydrant was right in front of me; that is about it. I hollered out `Look out', and tried to apply my brakes but I didn't have time." (R. pp. 158-9)
Surely this matter of kissing is evidence from which the jury could infer that it was a mutual affair and an incident to the conversation.
And clearly the evidence is sufficient to support a finding that the conversation was animated. Repeating, I say the kissing is evidence of the ultimate fact alleged, but is not the ultimate fact to be alleged. Hence failure to allege it, is not fatal to defendant's plea.
Moreover, in the course of his testimony, defendant John, Jr. testified: "Nothing was said in that answer about my kissing the girl or her kissing me. Nobody knew about it until yesterday. Nobody that I had told."
The factual background and setting of the occurrence here under consideration as shown by the evidence offered on trial sheds light on the situation. It is as follows:
Plaintiff was 18 years of age, and a senior in high school. Defendant, John, Jr., was 17 years of age and a junior in high school. He and she had been going together two or three months. But being a junior he could not take part in entertainments at commencement time unless invited by a senior. So plaintiff invited him to be her escort. And on the night of 5 June, 1951 he *334 took her in his father's car to various places where entertainment was had. Then he heard that there was to be an open-air dance out at the airport. So he and she drove out there, but did not stop. They drove on further to a paved place behind or beside the gym or recreation building. No one else was there. And plaintiff testified: "John and I parked right there at the recreation building and sat there and talked to be quiet." But they did alight, and in the language of plaintiff: "We played the radio there and danced there. Nobody there but John and me. I was not in a hurry to get home. Not until 12:30 I wasn't." And defendant John, Jr. testified: "When I finally did start, I came out back of the gym and headed down the drive which runs beside the gym, towards the road on which I had the wreck * * *."
For reasons stated, I vote for a new trial.