STATE OF NORTH CAROLINA v. JERRY EUGENE GIBSON

No. 134

(Filed 15 July 1980)

**Criminal Law § 43— photographs of crime scene showing lighting conditions — admissibility**

In a prosecution for rape, crime against nature, burglary and common law robbery where the victim identified defendant based on her observation of him at the crime scene, the trial court did not err in admitting into evidence photographs of the victim's apartment where the crimes took place, since the victim testified that the photographs accurately depicted the lighting conditions in her apartment as they appeared on the morning of the crimes, and the jury was instructed to consider the photographs only to the extent to which they illustrated and explained the witness's testimony.

APPEAL by defendant form *Ervin, J.*, 29 October 1979 Schedule "D" Session, MECKLENBURG Superior Court.

Defendant was charged in indictments, proper in form, with the crimes of rape, crime against nature, burglary, and common law robbery. A first trial ended in a mistrial when the jurors could not reach a verdict.

Upon retrial, evidence for the State tended to show that Barbara Crawford lived at Tryon House Apartments and worked as resident manager there. In addition, she worked as a hostess during the evenings at the Radisson Plaza Hotel. On 23 June 1979, she returned home around 12:30 or 12:45 a.m. and retired. She was subsequently awakened by a noise and saw a man standing in the li ing room. The man hit Ms. Crawford several times and then raped her and forced her to perform oral sex. Ms. Crawford testified that there were no lights on in the apartment but that the security light outside her window illuminated the apartment su fficiently for her to see the intruder and to recognize defendant. She estimated that defendant was present in the apartment for about two and one-half hours and that she was able to see him directly for approximately twenty minutes. During the time he was in the apartment, defendant took ten dollars from her purse.

The prosecutrix testified further that defendant had been employed three days prior to the incident as the maintenance man for the apartment building. She had seen him on numerous occasions during the three days and had given him work orders. As a maintenance man, defendant had access to a master key to all of the apartments in the building.

Defendant offered evidence tending to show that he was at a party at his cousin's house at the time of the alleged crimes. He testified that he arrived at his cousin's house around midnight, "had a few beers, a few drinks, and started dancing." According to defendant's evidence, he did not leave until daylight.

The jury returned a verdict of guilty as to each of the charged crimes. Defendant was sentenced to life imprisonment for rape and to life imprisonment for burglary. He received a sentence of ten years for crime against nature and ten years for common law robbery. Defendant appealed from the convictions for rape and burglary pursuant to G.S. 7A-27(a). We allowed defendant's motion to bypass the Court of Appeals in case number 79CR38499 (crime against nature) and in 79CR38501 (common law robbery) on 18 April 1980.

*Rufus L. Edmisten, Attorney General, by Thomas F. Moffitt, Special Deputy Attorney General, and Douglas A. Johnston, Assistant Attorney General, for the State.*

*Theo X. Nixon, Assistant Public Defender, for defendant.*

BRANCH, Chief Justice.

Defendant's sole assignment of error is addressed to the admission into evidence of certain photographs for the purpose of illustrating the testimony of the prosecuting witness. Ms. Crawford testified as to the lighting conditions in her apartment at the time of the commission of the crimes. She stated that because of a security light just outside her window, she was able to see defendant's face and that she was able to observe him for at least twenty minutes. She also stated that, at one point, "[t]here was enough light in the room to read the clock." Over defendant's objection, two photographs depicting the apartment were introduced into evidence to illustrate Ms. Crawford's description of the lighting conditions.

Defendant concedes that the long-standing rule in North Carolina permits the introduction of photographs into evidence for the limited purpose of illustrating the testimony of a witness. *See* 1 Stansbury's N.C. Evidence § 34 (Brandis Rev. 1973). Defendant also admits that the trial judge correctly charged the jury that the photographs were not competent as substantive evidence and were to be considered only to the extent that they illustrated or explained the witness's testimony. Defendant contends, however, that the determination of his guilt or innocence rested in large part on the identification of him by the prosecuting witness, which in turn depended on the amount and quality of illumination available in the apartment at the time of the alleged offenses. He argues that there was no way of knowing whether the lighting conditions were in fact the same in the photographs as they had been on the date in question, except for the prosecutrix's own statement to that effect.

Defendant's argument, stripped to its essentials, is whether these photographs were properly authenticated. In North Carolina, a photograph may be admitted into evidence to illustrate the testimony of a witness if it is identified as portraying the scene with accuracy. *State v. Woods*, 286 N.C. 612, 213 S.E. 2d

214 (1975), *death sentence vacated*, 428 U.S. 903 (1976); *see* 1 Stansbury's, *supra.* The photograph need not have been made by the witness when he testified that it is an accurate representation of the scene. *Id.* Furthermore, "[p]osed photographs of the reconstructed scene . . . are admissible when properly identified by a witness as being accurate representations of the conditions as he saw them at the time in issue." 1 Stansbury's, *supra*, § 34, p. 97; *see also Hunt v. Wooten*, 238 N.C. 42, 76 S.E. 2d 326 (1953); *State v. Matthews*, 191 N.C. 378, 131 S.E. 743 (1926).

Ms. Crawford described the lighting conditions in her apartment and then stated that the photographs accurately depicted those conditions as they appeared on the morning of 23 June 1979. The jury was instructed to consider the photographs only to the extent to which they illustrated and explained her testimony. We hold that the challenged photographs were properly admitted.

Our examination of the record discloses that defendant received a fair trial free from prejudicial error.

No error.